**John D. MULLINS, Appellant,**

v.

**MAIN BANK & TRUST, Appellee.**

**Nos. 8351, 8352.**

Court of Civil Appeals of Texas, Beaumont.

Nov. 1, 1979.

Jack M. McGinnis and Martin A. Gewertz, San Antonio, for appellant.

Stephen C. Caspers on behalf of John M. Killian, San Antonio, for appellee.

KEITH, Justice.

Appellant has perfected two separate appeals from judgments entered in post-judgment garnishment proceedings against two banks. While we have separate records, the questions presented in each appeal are identical and we will dispose of both appeals in a single opinion which will serve to support two separate judgments. We affirm for the reasons now to be stated.

On August 1, 1975, Main Bank recovered a judgment against appellant, John D. Mullins, another individual, and a corporation, in the sum of $145,651.80 with interest

thereon at the rate of ten percent per annum, and costs of suit. On September 26, 1978, Main Bank filed its application for a writ of garnishment after judgment, alleging under oath that the judgment was final, valid, and subsisting and remained unsatisfied. Further allegations were to the effect that appellant "has no property in his possession in this State subject to execution sufficient to satisfy said judgment" and "[t]he garnishment applied for is not sued out to injure either the Defendant or the garnishee." [1]

Two writs of garnishment were issued and served upon the same date as the application, one being served upon The American Bank of San Antonio (hereinafter "American Bank"), and the other upon Broadway National Bank (hereinafter "Broadway Bank"). American Bank answered on October 11, 1978, asserting that it had $11,000 in a checking account in the name of the appellant; Broadway Bank answered on October 3, 1978, asserting that it was indebted to appellant in the amount of $21,279.93. Judgment was entered in favor of Main Bank against each of the garnishee banks in the amounts shown in their respective answers, less an award of attorney's fees to each bank's lawyer. These judgments were both dated October 24, 1978.

On November 1, 1978, appellant filed his motion to vacate the judgment and for a new trial in each proceeding, both of which were "supplemented" by lengthy pleadings filed on December 1, 1978.[2] We have no statement of facts but the trial court did, at appellant's request, file extensive findings of fact and conclusions of law.

In this posture, the language found in *David A. Carl Enterprises v. Crow-Shutt # 14*, 553 S.W.2d 118, 120 (Tex.Civ.App.— Houston [1st Dist.] 1977, no writ), is controlling:

> "Since no statement of facts was brought forward, the trial court's findings are conclusive, and it must be presumed that the evidence was sufficient to support such findings. [citations omitted]"

See also, *Guthrie v. National Homes Corporation*, 394 S.W.2d 494, 495 (Tex.1965), making application of the same rule to jury findings.

In each instance, the trial court found that the post-trial garnishment proceedings followed the appropriate statute and rules governing such proceedings; that neither of the banks involved had any knowledge before the entry of the judgment in the garnishment proceedings that the funds on deposit in the respective banks belonged to any person other than the appellant; that appellant had "received actual and/or constructive notice of the garnishment proceedings [in each case] on or before October 20, 1978, as required by Tex.R.Civ.P. 633a (sic)." [3]

Appellant has presented scholarly briefs wherein he attacks the constitutionality of the statute and the procedural rules governing post-judgment garnishment proceedings. In doing so, he has marshalled the leading authorities from the United States Supreme Court which have changed the *pre-judgment* rules governing ancillary proceedings.[4]

---

1. It is apparent that Main Bank followed the provisions of *Tex.Rev.Civ.Stat.Ann. art. 4076 (1966)*:

   "The clerks of the district and county courts and justices of the peace may issue writs of garnishment, returnable to their respective courts, in the following cases:
   * * * * * *
   "3. Where the plaintiff has a valid, subsisting judgment and makes affidavit that the defendant has not, within his knowledge, property in his possession within this State, subject to execution, sufficient to satisfy such judgment."

2. We note in each record that an order was signed on December 4, 1978, reciting that on November 27, 1978, the motion to vacate judgment and new trial was presented to and overruled by the trial court. Appellant duly excepted and gave notice of appeal from the entry of these orders.

3. The adverb "sic" appears in parentheses in each of the findings. The rule to which the trial judge meant to refer was *Tex.R.Civ.P. 663a (Supp.1979)*.

4. See, e. g., *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Mitchell v.*

In *Ranches & Farm Livestock Auction Co. v. First State Bank*, 531 S.W.2d 167, 170–171 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.), the court held that *Tex.Rev.Civ.Stat.Ann. art. 4076* and the rules governing post-garnishment are not unconstitutional. A similar result was reached in *Pitts v. Dallas Nurseries Garden Center, Inc.*, 545 S.W.2d 34, 37 (Tex.Civ.App.—Texarkana 1976, no writ), wherein we find this language:

> "Post-judgment garnishment is a valid and constitutional method of enforcing a valid original judgment. After the rendition of a valid final judgment, the defendant must take notice of what will follow. *Endicott-Johnson Corp. v. Encyclopedia Press, Inc.*, 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924); 25 Baylor L.Rev. 242."

See also, Professor William V. Dorsaneo's comments upon the subject to be found in "Creditors' Rights", *31 SW.L.J. 213, 220 (1977)*.

It has been the well-established rule in Texas for many years that the garnishment proceeding is ancillary to the main suit and that the defendant in the principal action was not a party nor was he required to be served with notice of the issuance or the service of the writ of garnishment. *Missouri Pac. Ry. v. Whipker*, 77 Tex. 14, 13 S.W. 639 (1890). However, it was proper for him to be made a party or to intervene in such ancillary proceedings. *Whipker, supra*.

The adoption of *Rule 663a*, effective January 1, 1978, in the language of the Supreme Court, now "affords the defendant [in the original proceedings] notice of the [garnishment] proceedings and informs him of some of his rights." Appellant also contends that he was entitled to service of process as in an original action with the usual answer date—the first Monday twenty days after service—but we disagree.

The language of the rule precludes any such interpretation. The reference to *Rule 21a*—a three-day rule—forecloses such a construction. The trial court found, as a fact, that appellant had more than the requisite three days' notice and did nothing about asserting his rights in and to the funds standing in his name in the two garnishee banks. We have no evidence to the contrary; consequently, the finding and conclusion of the trial court does not reflect error.

We have examined the other points brought forward in accordance with the applicable rules governing our review of the record on appeal and do not find error. The judgment in each of the cases is in all things affirmed, and we order separate judgments to be entered in our minutes to certify to such facts.

AFFIRMED.

---

*W. T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975).