**BLACK CORAL INVESTMENTS, et al., Appellant,**

v.

**BANK OF THE SOUTHWEST, Appellee.**

**No. B14–82–197CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 10, 1983.

Rehearing Denied March 10, 1983.

H. Miles Cohn, Schlanger, Cook, Cohn, Mills & Grossberg, Houston, for appellant.

W. Wade Porter, Fulbright & Jaworski, Murray L. Lieberman, Lieberman & Tratras, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

PAUL PRESSLER, Justice.

Appellant appeals an order quashing a post-judgment writ of garnishment.

On January 4, 1982, appellant obtained a judgment for $25,555.20 against appellee, M.D. Investments, Inc., (hereafter referred to as "Investments"). Appellant attempted to locate assets of Investments to satisfy the judgment but was unsuccessful until it located an amount in the Bank of The Southwest (hereafter referred to as "Bank"). Appellant applied for a post-

judgment writ of garnishment pursuant to Tex.Rev.Civ.Stat.Ann. art. 4076 § 3 (Vernon 1966). The garnishee Bank filed an answer stating it was indebted to Investments in the amount of $11,807.62. Investments filed a motion to quash and dissolve the writ under Tex.R.Civ.P. 664a. At the March 15 hearing on the motion, Investments introduced evidence of its ownership of personal property located in a warehouse in Houston. The garnishor introduced evidence of its investigation which resulted in its good faith belief that the debtor had no assets within the state sufficient to satisfy the judgment. Although it was determined at the hearing that Investments owned property within the state, appellant contends such property was not located at any public address or registered office and appellant had no knowledge of it. The trial court granted the motion to quash the writ of garnishment. The order was signed on March 16, without appellant knowing that an order had been submitted and was to be signed. Investments withdrew the funds from the Bank the next day without the appellant's knowledge. The judgment remains unsatisfied.

The trial court filed findings of fact and conclusions of law as follows: 1) The garnishor did not have a good faith belief that Investments was without assets within the State of Texas sufficient to satisfy the subject judgment. 2) The judgment debtor had, within the State of Texas, assets to satisfy the subject judgment and these assets consisted of personal property located in a warehouse in Houston, 3) The post-judgment writ of garnishment should be quashed because the garnishor failed to meet its burden of proof by establishing ... that *as a matter of fact* the judgment debtor did not have assets within the State of Texas sufficient to satisfy the subject judgment. [emphasis ours]

Appellant brings two points of error. In the second point, appellant contends "the District Court erred in concluding as a matter of law that a post-judgment garnishor must, upon the hearing of the judgment debtor's motion to quash under rule 664a, prove that as a matter of fact the

judgment debtor does not have assets within the State of Texas sufficient to satisfy the subject judgment." Appellant argues that the District Court's interpretation of Rule 664a is contrary to the wording of the rule and of Article 4076 § 3. Additionally, appellant contends that such an interpretation places an unreasonable burden on the post-judgment garnishor. We agree.

Article 4076 § 3 states that writs of garnishment may issue:

. . . . .

> where the plaintiff has a valid subsisting judgment and makes affidavit that the defendant has not, within his knowledge, property in his possession within this state, subject to execution, sufficient to satisfy such judgment.

Rule 664a establishes the plaintiff's burden of proof by stating that "the writ shall be dissolved unless, at such hearing, the plaintiff shall prove the grounds relied upon for its issuance." Those grounds, as expressed in Article 4076 § 3, clearly require that the plaintiff *have no knowledge* of any property owned by the defendant within the State sufficient to satisfy the judgment. The statute does not expressly or impliedly state that the plaintiff must prove such as a matter of fact. Such an interpretation would, in many cases, place an impossible burden on the plaintiff. Rule 664a provides for the substitution of property by the judgment debtor by stating that "he shall also have the burden to prove facts to justify substitution of property." This provision allowing substitution protects the judgment debtor from having funds unreasonably garnished. Additionally, it acts as an incentive to the debtor, once a writ of garnishment is issued, to produce property in satisfaction of the judgment which might otherwise be extremely difficult or impossible to locate.

We find that the burden of proof placed on the plaintiff by the trial court was unreasonable and contrary to the language of the statute. Appellant's second point of error is, therefore, sustained.

We find it unnecessary to address the first point of error.

No question has been raised by appellant as to the Bank's liability for releasing the funds to Investments. However, the Bank asserts that "once the garnishment was quashed it had no further effect and the relationship of the Bank to its depositor resumed."

The Bank's arguments regarding its liability for releasing the garnished funds are premature. No determination of this issue was made by the trial court. We feel, however, that any problems in this regard could have been avoided easily had the trial court conformed to standard procedure and allowed the appellant to view the order quashing the writ of garnishment before it was signed.

The judgment of the trial court is reversed and the cause remanded for determination of the facts concerning the release of the garnished funds and the resultant liability therefrom.