Jerry D. HERING, Appellant,

v.

NORBANCO AUSTIN I, LTD., Appellee.

No. 3–87–022–CV.

Court of Appeals of Texas,
Austin.

Aug. 12, 1987.

Rehearing Denied Sept. 9, 1987.

L. DeWitt Hale, Austin, for appellant.

Kenneth A. Richey, Debra L. Becker, Law Offices of Kenneth A. Richey, P.C., Austin, for appellee.

Before POWERS, GAMMAGE and CARROLL, JJ.

CARROLL, Justice.

This appeal involves the notice requirements of Tex.R.Civ.P.Ann. 663a (Supp. 1987) in a postjudgment garnishment action. The district court overruled the appellant-debtor's motion for new trial which alleged a failure to receive notice as provided in Rule 663a. We will reverse the district court's order and remand the cause for a new trial.

## Controversy

This postjudgment garnishment action taken against Heritage Bank reflects an attempt by Norbanco to recover on a 1986 judgment against Jerry Hering. Although there is a factual question in this appeal concerning the ownership of the accounts garnished, we do not reach that issue because of our decision regarding the notice requirements of Rule 663a.

Rule 663a provides that the debtor in a garnishment action be notified in the following manner:

### Service of Writ on Defendant

The *defendant shall be served* in any manner prescribed for service of citation or as provided in Rule 21a *with a copy of the writ of garnishment, the application, accompanying affidavits and orders of the court as soon as practicable following the service of the writ.* There shall be prominently displayed on the face of the copy of the writ served on the defendant, in ten-point type and in a manner calculated to advise a reasonably attentive person of its contents, the following:

To _____, Defendant:

You are hereby notified that certain properties alleged to be owned by you have been garnished. If you claim any rights in such property, you are advised: "YOU HAVE A *RIGHT TO RE-GAIN POSSESSION* OF THE PROPERTY BY FILING A REPLEVY BOND. YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY *BY FILING WITH THE COURT* A MOTION TO DISSOLVE THIS WRIT." (emphasis added).

Norbanco concedes that it failed to comply with Rule 663a, and that the debtor, Jerry Hering, was never formally served with a copy of the writ of garnishment. Nonetheless, Norbanco takes the position that if the debtor somehow receives *actual* notice of the garnishment, the notice requirements of Rule 663a are met. The record indicates that the debtor inadvertently learned of the garnishment action when he attempted to draw on the funds held by Heritage Bank. In addition to this information, Heritage Bank forwarded to the debtor a copy of its answer to the writ. No other notice of any kind was given.

The question in this appeal is whether this information constitutes sufficient notice under Rule 663a.

## DISCUSSION

In 1978, the Texas rules of civil procedure relating to garnishment actions were amended primarily in response to several prejudgment seizure cases decided by the United States Supreme Court. *See Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974); *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975). Based upon the holdings in *Sniadach* and *Fuentes*, the Texas pre–1978 prejudgment garnishment procedures were declared unconstitutional. *Southwestern Warehouse Corp. v. Wee Tote, Inc.*, 504 S.W.2d 592 (Tex.Civ.App.1974, no writ). The *Wee Tote* court, however, went further

and in dictum noted that while the Texas prejudgment garnishment procedures were clearly infirm under *Sniadach* and *Fuentes,* the same was not true for the *postjudgment* procedural rules. *Wee Tote, supra* at 594.

Although the pre–1978 garnishment rules did not distinguish between prejudgment and postjudgment seizure procedural due process requirements, the Texas Courts of Appeals in the aftermath of *Wee Tote,* nonetheless, relied upon this distinction in upholding the validity of the postjudgment garnishment statute.[1] *See Ranchers & Farm Livestock Auction Co. v. First State Bank,* 531 S.W.2d 167 (Tex. Civ.App.1975, writ ref'd n.r.e.); *see also Pitts v. Dallas Nurseries Garden Center, Inc.,* 545 S.W.2d 34 (Tex.Civ.App.1976, no writ). On the one hand, a debtor in a *prejudgment* garnishment action would be entitled to particular due process protections of notice and an opportunity to be heard. *See e.g., North Georgia Finishing,*

*Inc. v. Di-Chem, Inc., supra; see also Southwest Metal Fabricators, Inc. v. International De Aceros,* 503 F.Supp. 76 (S.D.Tex.1980) (as amended, the Texas rules relating to prejudgment garnishment satisfy federal constitutional requirements—property may no longer be frozen without notice and a hearing).

By comparison, the same debtor in a *postjudgment* garnishment action would not even be entitled to notice. Following an adjudication of indebtedness, the debtor was supposedly put on constructive notice of all postjudgment actions which the creditor might pursue to enforce its judgment. *Endicott-Johnson Corp. v. Encyclopedia Press, Inc.,* 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288 (1924).[2]

Although an interesting legal question exists concerning whether prejudgment and postjudgment garnishment actions should be treated alike for purposes of due process requirements,[3] we are not, in this appeal, faced with that question. As noted

1. Texas Rev.Civ.Stat.Ann. art. 4076 (1966), *repealed,* Acts 1985, 69th Leg., ch. 959, § 9(1), effective September 1, 1985. At present, the Texas statutory provisions pertaining to garnishment may be found at Tex.Civ.Prac. & Rem. Code Ann. 63.001 *et seq.* (1986).

2. In *Endicott-Johnson,* the Court explained the reason for not affording the debtor notice in a postjudgment seizure as follows:

> The established rules of our jurisprudence do not require that a defendant who has been granted an opportunity to be heard and has had his day in court should, after a judgment has been rendered against him, have a further notice and hearing before supplemental proceedings are taken to reach his property in satisfaction of the judgment. Thus, *in the absence of a statutory requirement,* it is not essential that he be given notice before the issuance of an execution against his tangible property; after the rendition of the judgment he must take 'notice of what will follow,' no further notice being 'necessary to advance justice.' (emphasis added).

*Endicott-Johnson, supra* 266 U.S. at 288, 45 S.Ct. at 62.

3. The continued validity of *Endicott-Johnson* is subject to dispute. *See Finberg v. Sullivan,* 634 F.2d 50 (3rd Cir.1980) (en banc); *Brown v. Liberty Loan Corp.,* 539 F.2d 1355 (5th Cir.1976), *cert. denied,* 430 U.S. 949, 97 S.Ct. 1588, 51 L.Ed.2d 797 (1977); Alderman, *Default Judgments and Post-judgment Remedies Meet the Constitution: Effectuating Sniadach and Its*

*Progeny,* 65 Geo.L.J. 1 (1976). Furthermore, in circumstances involving similar legal reasoning, the majority of the Supreme Court has declined to even cite *Endicott-Johnson. See Griffin v. Griffin,* 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635 (1946).

Rather than drawing distinctions of prejudgment and postjudgment due process requirements, the present approach taken by the Supreme Court in formulating specific procedural due process requirements emphasizes a broad balancing test. *See e.g., Matthews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1974). *Under this test, due process requires that before property may be seized, the debtor must be afforded certain protections against erroneous and arbitrary seizures. These "protections" will be considered adequate if they fairly accommodate the respective interests of both the creditor and debtor.* In other words, by balancing the interests of both the creditor and debtor, a determination may be made whether notice and a hearing are required before a person is temporarily deprived of his property, or whether in part depending on the nature of the property interest involved, lesser procedural safeguards will suffice.

It seems apparent that this balancing test was initially adopted in both *Mitchell v. W.T. Grant, supra* and *North Georgia Finishing, Inc. v. Di-Chem, supra.* In *Mitchell,* the seller's interest in the property, measured by the unpaid balance of the purchase price, was weighed against the debtor's interest in the same property. Considering the protections available to the debtor, *i.e.,*

earlier, the Texas rules of civil procedure relating to garnishment, including Rule 663a, were amended in 1978. Whether a debtor in a postjudgment garnishment action is entitled to actual notice of the garnishment is no longer an issue under Texas law. Rule 663a is unambiguous in its requirement that the debtor be given notice of the garnishment and of his rights to regain his property. No distinction is made between prejudgment and postjudgment notice to the debtor.[4]

After the 1978 amendments, the debtor in a postjudgment garnishment *must* now be given actual notice of the garnishment in compliance with Rule 663a.[5] It has long been the law of this State that if a judgment-creditor intends to avail himself of the State's aid in effecting a deprivation of property, he must strictly comply with the pertinent rules. *See Beggs v. Fite,* 130 Tex. 46, 106 S.W.2d 1039 (Tex.1937). This was not done in this case, and the creditor's failure is fatal to its judgment in the *garnishment action.*

Our holding in this regard should come as no surprise. Since the adoption of the new procedural rules for garnishment pro-

---

a sworn affidavit showing the creditor's claim and right to repossession, issuance of a writ of sequestration by a "judge," the requirement that the creditor post bond before seizure, and the debtor's right to an immediate post-seizure hearing to dissolve the writ, the Court concluded that both the debtor's interests and the creditor's interests in the property were adequately accommodated under the Louisiana sequestration laws. *Mitchell, supra* 416 U.S. at 610, 94 S.Ct. at 1901.

Likewise, in *North Georgia Finishing,* the Court struck down as unconstitutional a Georgia prejudgment garnishment statute which failed to constitutionally accommodate both the debtor's and creditor's interests. Accordingly, it seems clear that the test employed is not limited to prejudgment and postjudgment distinctions, but is a balancing of the relative interests involved in either setting. Hence, if the property involved is accorded a strong interest (for example, a bank account or property potentially exempt from garnishment), due process requirements may afford the postjudgment debtor similar or even identical protections as are afforded the debtor in a prejudgment property seizure. *See Finberg v. Sullivan, supra.*

4. The *procedural* rules governing garnishment actions are found under Part VI of the rules relating to ancillary proceedings under the subheading "Garnishment." Tex.R.Civ.P.Ann. 657 *et seq.* (1967 & Supp.1987). While individual rules thereunder may speak more to either prejudgment or postjudgment garnishments, the rules, taken as a whole, do not make such distinctions, but apply in both instances.

For instance, we believe that the "judgment" referred to in Rule 664 is the judgment in the *garnishment proceeding, not the judgment that adjudicates the underlying debt owed to the creditor by the debtor.* Read this way, Rule 664 is equally applicable to either prejudgment actions or postjudgment proceedings, and the policy reasons giving rise to the notice requirements are equally strong in either case. *Compare* Tex. R.Civ.P. 664 *with* Tex.R.Civ.P. 669 *and* 673; *see also Swiderski v. Victoria Bank and Trust Co.,* 706 S.W.2d 676 (Tex.App.1986, writ ref'd n.r.e.)

(as amended, Rule 664a provides for a hearing when the defendant debtor chooses to intervene in *either* a prejudgment or postjudgment garnishment); *Black Coral Investment v. Bank of the Southwest,* 650 S.W.2d 135 (Tex.App.1983, writ ref'd n.r.e.) (Rule 664a provides for the substitution of property by the *judgment debtor* —this provision protects the *judgment debtor* from having funds unreasonably garnished).

It would have been a simple matter for the Supreme Court to promulgate both prejudgment rules and postjudgment rules if the rules as written did not apply to both proceedings. Accordingly, we reject any assertion that the Texas procedural rules governing garnishment proceedings were intended to *only* apply to prejudgment seizures.

5. In addition to the notice of garnishment proceedings being taken against him, Rule 663a states that the debtor is to receive notice in ten-point type that he has the right to regain possession of the property. This portion of the rule is no doubt part of an overall scheme of due process protections designed to prevent erroneous seizures of the debtor's property. Once the debtor receives the notice outlined in Rule 663a he should be apprised of his rights and may therefore elect to file a motion to vacate, dissolve or modify the writ. Tex.R.Civ.P.Ann. 664a (Supp.1987). By the terms of Rule 664a, the court is required to hear such motion within ten days of its filing. Hence, Rules 663a and 664a work together to provide the debtor with the following notice and opportunity to be heard: (1) notice of the seizure; (2) notice of the right to regain the property; (3) notice of the proper legal remedies; and (4) an opportunity to have a prompt post-seizure adjudication of any challenges to the garnishment.

The key factor here is, of course, that the debtor *receive* notice of the garnishment as soon as practicable in order that he may avail himself of the legal protections which he is afforded under the law. To interpret Rule 663a to allow constructive notice would render the protections meaningless.

ceedings in 1978, prudent creditors have routinely complied with the notice requirements in both *prejudgment* and *postjudgment proceedings.* *See* Horsley, *Collecting on Judgments,* (State Bar of Texas Professional Development Program 1981) ("The Defendant in judgment is not a necessary party to the garnishment action, however, changes in the rule *require that he be served under Rule 663a* ") (emphasis added); *See also* State Bar of Texas Collection Manual, "Postjudgment Procedures and Remedies," § 13.87 (2nd ed. 1987) (indicating that not only must the debtor be served with notice, but that the same form of notice is required in both prejudgment and postjudgment garnishment actions).

At present, only one other Texas court has interpreted Rule 663a as amended. *Mullins v. Main Bank & Trust,* 592 S.W.2d 24 (Tex.Civ.App.1979, no writ). One of the implicit conclusions by the *Mullins* court is that in postjudgment garnishment actions Rule 663a requires only that the debtor receive "actual and/or constructive notice of the garnishment proceedings." Apparently, the *Mullins* court based its construction of Rule 663a on the assumption that the 1978 amendments were not intended to substantially change Texas law with respect to notice to the debtor in postjudgment garnishment proceedings. We disagree.

We have examined the background behind Rule 663a and the language employed by the rule. We conclude that Rule 663a is unambiguous and means exactly what it says—the debtor must be served. Accordingly, we reject the conclusions made by the *Mullins* court to the extent they allow constructive notice to the debtor of the prerequisites outlined in Rule 663a. Jerry Hering's first point of error is sustained.

The judgment of the district court is reversed and the cause remanded for a new trial.