Opinion issued November 26, 2008
 





    







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-01041-CV
____________

SIMULIS, L.L.C., Appellant

V.

G.E. CAPITAL CORPORATION, Appellee




On Appeal from the 270th Court
Harris County, Texas
Trial Court Cause No. 2005-37556B



 
O P I N I O N

          Appellant and judgment-debtor, Simulis, L.L.C. (“Simulis”), appeals from a
final judgment that was rendered in a post-judgment garnishment proceeding in favor
of G.E. Capital Corporation (“GE”), the garnishor and judgment creditor.


 We
determine (1) whether GE was required to obtain and to serve Simulis with certain
findings of fact in this post-judgment garnishment proceeding and (2) whether the
constitutional and statutory exemption of current wages from garnishment applies to
the current wages, held by the debtor, of one other than the debtor. We affirm.
Background
          GE sued Simulis to recover for non-payment of a $100,000 promissory note. 
See Simulis, L.L.C. v. Gen. Elec. Capital Corp., No. 14-06-00701-CV, 2008 WL
1747483, at *1 (Tex. App.—Houston [14th Dist.] Apr. 17, 2008, no pet.). Simulis did
not deny liability; rather, it asserted an offset defense and alleged counterclaims for
breach of contract, promissory estoppel, and quantum meruit. Id. The trial court first
granted summary judgment for GE on the note. Id. It then rendered a take-nothing
summary judgment on Simulis’s counterclaims and defenses, resulting in a final
judgment for GE in May 2006 in the amount of $100,000 in actual damages, pre- and
post-judgment interest, and $4,800 in attorney’s fees.
          Simulis did not supersede the judgment, but it did appeal it. That appeal was
assigned to the Fourteenth Court of Appeals. In its appeal, Simulis did not challenge
the rendition of judgment for GE on the note or the rendition of a take-nothing
summary judgment on its offset defense or its breach-of-contract counterclaim. Id. 
The only portions of the judgment that Simulis challenged in its appeal were those
portions rendering take-nothing summary judgment on its counterclaims for quantum
meruit and promissory estoppel. Id.
          On September 7, 2006, while Simulis’s appeal was still pending in the
Fourteenth Court of Appeals, GE filed an application for post-judgment garnishment
of Simulis’s bank account at Amegy. Amegy, the garnishee, was served with the writ
on September 20, 2006 and answered. Simulis was served with the garnishment writ,
GE’s verified application for garnishment, and a copy of the May 2005 judgment very
shortly thereafter.
          On September 27, 2006, Simulis moved to dissolve the writ of garnishment. 
The trial court heard Simulis’s motion on September 28, 2006, at which point the
court orally denied the motion. On October 9, 2006, the trial court signed a final
judgment of garnishment to which GE and Amegy had agreed. The judgment (1)
recited that Simulis had been served in compliance with Texas Rule of Civil
Procedure 663a;


 (2) recited that Simulis’s motion to dissolve the writ had been
denied; (3) recited that the court approved the agreed judgment; (4) discharged
Amegy from liability to GE and to Simulis to the extent of the judgment amount,
which was the $35,351.33 that Amegy held in Simulis’s account; (5) provided that
Amegy recover from Simulis $1,000 in costs and attorney’s fees, which were to be
taken from Simulis’s bank account; and (6) awarded GE the $35,351.33 in Simulis’s
bank account with Amegy.


 Simulis appealed the final garnishment judgment, which
was assigned to this Court.
          On April 17, 2008, while the appeal of the garnishment judgment was pending
in this Court, the Fourteenth Court of Appeals issued its opinion and judgment in
Simulis’s appeal of the underlying judgment. See Simulis, L.L.C., 2008 WL 1747483. 
That court’s opinion provided that the portion of the judgment on Simulis’s
promissory-estoppel counterclaim was affirmed, that the portion of the judgment on
its quantum meruit counterclaim was reversed, and that the cause was remanded;
implicitly, the portions of the judgment that were not challenged in that appeal were
left intact. See id. at *2–3. Nonetheless, the disposition rendered by the court’s
judgment differed from the disposition recited in the opinion: the court’s judgment
reversed the portion of the lower court’s judgment rendered on Simulis’s quantum
meruit counterclaim; it severed that “reversed” portion of the judgment from the
remainder of the lower court’s judgment; it affirmed the entire judgment that had not
been reversed and severed (including the portion of the judgment that GE had
enforced by garnishment), rendering it final; and it remanded the cause for further
proceedings. The “language of the [appellate court’s] judgment controls over the
conflicting language of the opinion.” See Continental Airlines, Inc. v. Kiefer, 920
S.W.2d 274, 277 (Tex. 1996). Accordingly, the disposition that is relevant to the
instant appeal is that which is reflected in our sister court’s judgment.
Garnishment
          In two issues, Simulis complains of the overruling of its motion to dissolve the
writ of garnishment and of the judgment garnishing its funds at Amegy.
A.      Standard of Review
          We review a trial court’s ruling on a motion to dissolve a writ of garnishment
for abuse of discretion. See Gen. Elec. Capital Corp. v. ICO, Inc., 230 S.W.3d 702,
705 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). A trial court abuses its
discretion if it acts without reference to guiding rules and principles or in an arbitrary
or unreasonable manner. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241–42 (Tex. 1985). 
B.      Failure to Obtain or to Serve Findings of Fact
          In issue one, Simulis argues that the trial court erred in rendering a judgment
of garnishment, and in denying Simulis’s motion to dissolve the garnishment writ,
because unspecified findings were never requested by GE, made by the trial court, or
served on Simulis.
 
          1.       Procedure to Obtain a Writ of Garnishment
          Because garnishment is a purely statutory procedure that affords a harsh
remedy, “garnishment proceedings cannot be sustained unless they strictly conform
to the statutory requirements and related rules.” Walnut Equip. Leasing Co. v. J-V
Dirt & Loam, a Div. of J-V Marble Mfg., Inc., 907 S.W.2d 912, 915 (Tex.
App.—Austin 1995, writ denied). Accordingly, “[t]he garnishor must strictly comply
with the requirement that it serve the debtor, and its failure to comply is not a mere
irregularity.” Id. 
          A garnishment application “shall comply with all statutory requirements and
shall state the grounds for issuing the writ and the specific facts relied upon by the
plaintiff to warrant the required findings by the court.” Tex. R. Civ. P. 658 (emphasis
added). The “statutory requirements” to which rule 658 refers vary depending on the
circumstances under which the writ is sought. The circumstances allowing for the
issuance of a writ of garnishment—three in all—are established by Texas Civil
Practice and Remedies Code section 63.001:
(1)an original attachment has been issued;
 
(2)a plaintiff sues for a debt and makes an affidavit stating
that:
 
(A)the debt is just, due, and unpaid;
 
(B)within the plaintiff’s knowledge, the defendant does
not possess property in Texas subject to execution
sufficient to satisfy the debt; and
 
(C)the garnishment is not sought to injure the defendant
or the garnishee; or
 
(3)a plaintiff has a valid, subsisting judgment and makes an
affidavit stating that, within the plaintiff’s knowledge, the
defendant does not possess property in Texas subject to
execution sufficient to satisfy the judgment. 

Tex. Civ. Prac. & Rem. Code Ann. § 63.001 (Vernon 2008).
          Subsection (2) of section 63.001 applies to pre-judgment writs of garnishment. 
See id. § 63.001(2) (“a plaintiff sues for a debt” and “the debt is just, due, and
unpaid”). In contrast, subsection (3) plainly applies to post-judgment garnishment. 
See id. § 63.001(3) (“a plaintiff has a valid, subsisting judgment”); see also Hudler-Tye Constr., Inc. v. Pettijohn & Pettijohn Plumbing, Inc., 632 S.W.2d 219, 221 (Tex.
App.—Fort Worth 1982, no writ) (“The statutory requirements for post-judgment
garnishment writs, contained in [the predecessor to section 63.001(3)] . . . .”). 
          Accordingly, an application for a pre-judgment writ of garnishment (and its
supporting affidavit) will necessarily contain some different recitations from those
in an application for a post-judgment writ of garnishment (and its supporting
affidavit). See Metroplex Factors, Inc. v. First Nat’l Bank, Bridgeport, 610 S.W.2d
862, 866 (Tex. Civ. App.—Fort Worth 1980, writ ref’d n.r.e.) (considering
predecessors to section 63.001(2) and (3), both of which were worded substantially
the same as their current counterparts; holding that predecessor to section 63.001(3)
applied to post-judgment garnishment proceedings, whereas predecessor to section
63.001(2) did not; indicating that post-judgment-garnishment affidavit that tracked
requirements of 63.001(3), but not those of 63.001(2), would thus have been
sufficient had it not been defective for totally independent reason).
          2.       Simulis’s Attack
          Simulis does not attack the form of, or the averments in, the affidavit
supporting GE’s application for post-judgment writ of garnishment. Nor does
Simulis contest that GE possessed a valid, subsisting judgment. Rather, citing Texas
Rules of Civil Procedure 658, 663a, and 664a, Simulis contends that the trial court
should have dissolved the writ because unspecified findings of fact were never
requested by GE, made by the trial court, or served on Simulis. Although it is not
entirely clear from Simulis’s brief what findings it contends should have been made,
it appears that Simulis means the two statutory bases for issuance of a post-judgment
writ: the existence of a valid, subsisting judgment and GE’s knowledge concerning
Simulis’s possession of property in Texas subject to execution sufficient to satisfy the
judgment. See Tex. Civ. Prac. & Rem. Code Ann. § 63.001(3). That is, Simulis
appears to contend that these recitations in the verified application for post-judgment
writ had to be “codified” in findings of fact by the trial court and that those findings
of fact then had to be served on Simulis before a garnishment judgment could be
rendered.
 
                    a.       The law
          We begin, as we generally do when reviewing court rules, with the plain
language of the rules on which Simulis relies, in order to glean their intended
meaning. See Lane Bank Equip. Co. v. Smith S. Equip., Inc., 10 S.W.3d 308, 313–14
(Tex. 2000) (relying first on plain language of rule of civil procedure to interpret it);
see also Lopez v. State, 253 S.W.3d 680, 685 (Tex. Crim. App. 2008) (“[W]hile
courts have more flexibility when it comes to interpreting court rules, they ‘should
attempt to effectuate the plain language absent important countervailing
considerations.’”) (quoting Henderson v. State, 962 S.W.2d 544, 552 (Tex. Crim.
App. 1997)); cf. Frank v. Liberty Ins. Corp., 255 S.W.3d 314, 324 (Tex.
App.—Austin 2008, pet. denied) (concerning administrative-agency rules, stating,
“The text of rules, like statutes, is the first and foremost means of achieving our
primary objective: ascertaining and giving effect to the intent of the body that enacted
them.”). Additionally, “[t]he Code Construction Act[


] applies to the Texas Rules of
Civil Procedure . . . .” In re Walkup, 122 S.W.3d 215, 217 (Tex. App.—Houston [1st
Dist.] 2003, orig. proceeding). We should thus read rules of civil procedure in their
context and as a whole. See Tex. Gov’t Code Ann. § 311.011(a) (Vernon 2005);
Walkup, 122 S.W.3d at 217; see also Frank, 255 S.W.3d at 324 (“We must read the
enactment as a whole and not just isolated portions, giving meaning to language
consistent with its other provisions.”). 
          We have italicized below those portions of the rules on which Simulis relies:
Rule 658. Application for Writ of Garnishment and Order
Either at the commencement of a suit or at any time during its
progress the plaintiff may file an application for a writ of garnishment. 
Such application shall be supported by affidavits of the plaintiff, his
agent, his attorney, or other person having knowledge of relevant facts. 
The application shall comply with all statutory requirements and shall
state the grounds for issuing the writ and the specific facts relied upon
by the plaintiff to warrant the required findings by the court. . . . The
application and any affidavits shall be made on personal knowledge and
shall set forth such facts as would be admissible in evidence; provided
that facts may be stated based upon information and belief if the grounds
of such belief are specifically stated.
 
No writ shall issue before final judgment except upon written
order of the court after a hearing, which may be ex parte. The court in
its order granting the application shall make specific findings of facts
to support the statutory grounds found to exist, and shall specify the
maximum value of property or indebtedness that may be garnished and
the amount of bond required of plaintiff. Such bond shall be in an
amount which, in the opinion of the court, shall adequately compensate
defendant in the event plaintiff fails to prosecute his suit to effect, and
pay all damages and costs as shall be adjudged against him for
wrongfully suing out the writ of garnishment. The court shall further
find in its order the amount of bond required of defendant to replevy,
which, unless defendant exercises his option as provided under Rule
664, shall be the amount of plaintiff’s claim, one year’s accrual of
interest if allowed by law on the claim, and the estimated costs of
court. . . .

Tex. R. Civ. P. 658 (emphasis added).



 
Rule 663a. Service of Writ on Defendant
 
The defendant shall be served in any manner prescribed for
service of citation or as provided in Rule 21a with a copy of the writ of
garnishment, the application, accompanying affidavits and orders of the
court as soon as practicable following the service of the writ. . . . 

Tex. R. Civ. P. 663a (emphasis added).
Rule 664a. Dissolution or Modification of Writ of Garnishment
          A defendant whose property or account has been garnished or any
intervening party who claims an interest in such property or account,
may by sworn written motion, seek to vacate, dissolve or modify the writ
of garnishment, and the order directing its issuance, for any grounds or
cause, extrinsic or intrinsic. Such motion shall admit or deny each
finding of the order directing the issuance of the writ except where the
movant is unable to admit or deny the finding, in which case movant
shall set forth the reasons why he cannot admit or deny. . . .

Tex. R. Civ. P. 664a (emphasis added).
                    b.       Analysis
          Simulis contends that service was incomplete because GE did not obtain, and
serve Simulis with, an order issuing the writ that included findings of fact. In
support, Simulis contends that the phrase “orders of the court” in rule 663a means the
“order granting the [garnishment writ] application”—including the “specific findings
of facts to support the statutory grounds found to exist” that the order must
contain—referred to in the second paragraph of rule 658. See Tex. R. Civ. P. 663a,
658. Simulis further argues that a defendant-debtor—whether pre- or post-judgment—must have these findings so that, in its words, it will “be afforded the
opportunity to admit or deny these findings . . . under Rule 664a.” Simulis bases its
reading of these rules on the premise that the garnishment rules do not in any way
distinguish between pre- and post-judgment garnishment proceedings. 
          We begin with rule 658. Although the rule’s first paragraph applies to both
pre- and post-judgment garnishment proceedings, the rule’s second paragraph applies
only to pre-judgment proceedings. The second paragraph expressly begins, “No writ
shall issue before final judgment except upon written order of the court after a
hearing, which may be ex parte.” Tex. R. Civ. P. 658 (emphasis added). Everything
else within this paragraph must be read in this context, such as, for example, the
requirements to obtain an order granting the application with findings of fact, to have
the court determine the maximum value of property or indebtedness that may be
garnished, and to set a bond for the plaintiff-creditor. See id. Additionally,
concerning the bond that the plaintiff-creditor must post, the same paragraph provides
that it be “in an amount which . . . shall adequately compensate defendant in the event
plaintiff fails to prosecute his suit to effect . . . .” Id. (emphasis added); see also Tex.
R. Civ. P. 658a (containing similar language: “No writ of garnishment shall issue
before final judgment until the party applying therefor has filed . . . a bond payable
to the defendant in the amount fixed by the court’s order, . . . conditioned that the
plaintiff will prosecute his suit to effect . . . .”) (emphasis added). The reason for the
bond is obviously to protect the defendant-debtor if the underlying suit for debt is not
prosecuted, indicating yet again that the second paragraph relates only to pre-judgment garnishment. Commentators have interpreted the requirements in the
second paragraph of rule 658 to apply as we conclude that they apply,


 and our sister
court, by noting that “prejudgment garnishment proceedings afford the debtor more
protection than postjudgment proceedings,”


 has also implicitly recognized that the
requirements of rule 658’s second paragraph apply only pre-judgment.
          Given the plain meaning of rule 658, rules 663a and 664a cannot mean what
Simulis argues. See Tex. Gov’t Code Ann. § 311.011(a) (providing that words and
phrases be read in context). When rule 663a provides that the defendant-debtor be
served with a copy of “orders of the court,” the rule means any order directing
issuance of a writ of garnishment, which rule 658 requires only in a pre-judgment
proceeding. Likewise, rule 664a’s mandate that the application “admit or deny each
finding of the order directing the issuance of the writ” can apply only in a pre-judgment garnishment proceeding because such an order is required only at that stage.
 
          We distinguish Hering v. Norbanco Austin I, Ltd., on which Simulis relies. 735
S.W.2d 638 (Tex. App.—Austin 1987, writ denied). In Hering, the plaintiff-creditor
did not serve the defendant-debtor with a copy of the writ of garnishment, so that the
debtor had no notice of the garnishment proceeding until he discovered it
accidentally. Id. at 639. The court held that actual notice of the garnishment
proceeding did not supplant the requirement to serve the garnishment writ on the
defendant-debtor in compliance with rule 663a. Id. at 641. In reaching this
conclusion, the court noted that rule 663a had been amended in 1978 to provide that
debtors in post-judgment garnishment proceedings (to whom Texas courts had
previously held that notice did not need to be provided) be given the same notice that
debtors in pre-judgment garnishment proceedings already enjoyed. See id. at 640–41. 
This was not a holding that all garnishment rules apply identically at all stages of the
underlying litigation, but is instead a holding that Due Process requires that the debtor
receive notice of the garnishment proceeding both pre- and post-judgment. See id.;
see also id. at 641 n.4 (“While individual [garnishment] rules . . . may speak more to
either prejudgment or postjudgment garnishments, the rules, taken as a whole, do not
make such distinctions, but apply in both instances.”) (emphasis added). Under rule
658, the extent of that notice will take different forms depending on at what stage of
the underlying litigation the garnishment writ is sought. We also distinguish the other
authorities that Simulis cites because in none of those cases did the court hold or
imply that the second paragraph of rule 658 applied to post-judgment garnishment
proceedings. See El Periodico, Inc. v. Parks Oil Co., 917 S.W.2d 777, 779 (Tex.
1996); In re L.A.M. & Assocs., 975 S.W.2d 80, 84 (Tex. App.—San Antonio 1998,
orig. proceeding); Hudler-Tye Constr., Inc., 632 S.W.2d at 221.
          We hold that the trial court did not abuse its discretion in denying Simulis’s
motion to dissolve the writ of garnishment, and in rendering a final judgment of
garnishment, for the reason that GE failed to obtain or to serve findings of fact on
Simulis. We overrule issue one.
B.      Garnishment of Current Wages for Personal Services
          In issue two, Simulis argues that the trial court erred in rendering a judgment
of garnishment, and in denying Simulis’s motion to dissolve the garnishment writ,
because its bank account that was garnished held funds that Simulis used to pay its
employees’ current wages, which it contends are exempt from garnishment. At the
hearing on its motion to dissolve the writ, Simulis presented testimony that the
garnished Amegy bank account was used “solely for payroll,” although the account
had been used for “other things” before, and that Simulis’s “payroll . . . deposited into
that account” included monies for personal services already performed by employees
and monies for contractors.
          The Texas Constitution protects current wages from garnishment: “No current
wages for personal service shall ever be subject to garnishment, except for the
enforcement of court-ordered: (1) child support payments; or (2) spousal
maintenance.” Tex. Const. art. XVI, § 28. Texas statutory law does likewise:
“Except as otherwise provided by state or federal law, current wages for personal
service are not subject to garnishment. The garnishee shall be discharged from the
garnishment as to any debt to the defendant for current wages.” Tex. Civ. Prac. &
Rem. Code Ann. § 63.004 (Vernon 2008).
          “The purpose of current wages being exempt from garnishment and execution
is to protect the employee in meeting and defraying the current expenses of living,”



and the employee to be protected is the debtor himself. See Tex. Const. art. XVI,
§ 28 cmt. (Vernon 1993) (describing constitutional article’s purpose as protecting
debtor and family); Tex. Civ. Prac. & Rem. Code Ann. § 63.004 (“The garnishee
shall be discharged from the garnishment as to any debt to the defendant for current
wages.”); see also Dempsey v. McKennell, 2 Tex. Civ. App. 284, 286, 23 S.W.525,
526 (Galveston 1893, no writ) (speaking of “the debtor” when considering purpose
of the current-wage exemption); Gaddy v. First Nat’l Bank of Beaumont, 283 S.W.
277, 279 (Tex. Civ. App.—Beaumont 1923, no writ) (speaking, in dictum, of wage-earner’s “paying his debt voluntarily” when discussing current-wage exemption)
(emphasis added). Simulis has directed us to no case in which the current-wage
exemption for garnishment was interpreted to mean funds held in reserve for the
current wages of employees other than the debtor. Neither have we found such a
case. 
          Simulis argues that the policy considerations underlying the exemption support
its position, but they do not. The current-wage exemption protects the debtor-employee from garnishment because, without it, he would not be able to earn a living:
garnishment of his current wages necessarily prevents him from receiving the only
funds that his employer will pay him. In contrast, the garnishment of the bank
account from which debtor Simulis pays its own employees will not necessarily
preclude those employees from receiving their current wages: for example, Simulis
may allocate other funds to pay those employees or may borrow funds to cover that
amount. This is no different a situation from that regularly facing any employer, i.e.,
the allocation of its budget to meet various needs, such as paying creditors, paying
employees and contractors, and purchasing supplies.
          We hold that the current-wage exemption for garnishment did not apply to the
garnished funds. We thus further hold that the trial court did not abuse its discretion
in denying Simulis’s motion to dissolve the writ of garnishment. We overrule issue
two.
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
Tim Taft
Justice

Panel consists of Justices Taft, Keyes, and Alcala.