INSURANCE COMPANY OF NORTH AMERICA v. FRIEDMAN BROS.

No. 6300.

1. **Garnishment.**—An affidavit for garnishment by a judgment creditor which stated that "The Insurance Company of North America" was indebted to the judgment debtor, without stating whether the company was a corporation, joint stock company, or copartnership, is insufficient, since it does not enable the officer to properly issue the writ of garnishment, and this though it does contain a statement that a party named in the affidavit is the agent of the insurance company.

2. **Return on Writ of Garnishment.**—The return of the officer on the writ of garnishment against two corporate companies which recites its execution "by delivering to the within named garnishee in person a true copy of this writ," is fatally defective, and will not authorize an action against either company.

3. **Garnishment—Jurisdiction.**—When both the affidadit for a writ of garnishment and the return of the officer thereon are fatally defective, and the court is without jurisdiction to hear and determine, such jurisdiction can not be acquired by the answer of an agent of the party sought to be garnished.

4. **Garnishment.**—Garnishment rests wholly on judicial process, and depends on the due pursuit of the steps prescribed by law for its prosecution. It can derive no aid from the volunteer acts of the garnishee, and such acts will be regarded as void when they interfere with the rights of third persons.

5. **Garnishment—Judgment.**—The power in a court to render judgment against one sought to be charged as garnishee can not be derived from an answer he may file or an issue made thereon; it can exist only when the steps made requisite by the statute to bring the garnishee before the court have been taken.

APPEAL from Fannin. Tried below before Hon. D. H. Scott.

The opinion states the case.

*James H. Lyday* and *Richard B. Semple*, for appellant. — 1. The court erred in refusing to quash the garnishment because said writ was issued against B. M. Burgher, the agent of appellant, and not against appellant. Tarleton v. Weir, W. & W. Ct. App. C. C., 142; Insurance Co. v. Seeligson & Co., 59 Texas, 4.

2. The court erred in refusing to sustain defendant's exceptions against it because the affidavit upon which said garnishment issued no where states that defendant was a corporation so as to authorize service upon said agent, and because it failed to state the residence of defendant. Rev. Stats., art. 1223; Insurance Co. v. Davidge, 51 Texas, 244; Johnson'v. McCutchings, 43 Texas, 553.

*Wm. A. Bramlette,* for appellees. — 1. After answer is filed to the merits all defects in the citation are waived and the exception to the sufficiency of service comes too late. Rev. Stats., art. 1269; Brown v. State, 36 Texas, 282; Hutchins v. Lockett, 39 Texas, 166; Compton v. Western Stage Co., 25 Texas Supp., 67; Taylor v. Hall, 20 Texas, 211, 215; Morris v. Runnells, 12 Texas, 175; Hart v. Kanady, 33 Texas, 720; Crayton v. Munger, 9 Texas, 285, 292, 293; Hays v. Bonner, 14 Texas, 629; Green v. Hill, 4 Texas, 465.

2. Pleas in abatement based upon facts that do not appear of record must be sworn to and supported by proof unless admitted by the pleadings of the opposite party. Rev. Stats., art. 1265; Bishop v. Honey, 34 Texas, 245; Cook v. Thornhill, 13 Texas, 293; Wolfe v. Stephens, Dall., 607; Breen v. T. & P. Ry. Co., 44 Texas, 302; Compton v. Western Stage Co., 25 Texas Supp., 67.

3. The objection for want of proper parties came too late and will not be noticed when first made in the Supreme Court. Herndon v. Crawford, 41 Texas, 267; Hughes v. Roper, 42 Texas, 116; Howards v. Davis, 6 Texas, 174; Blackman v. Green, 17 Texas, 322; Davis v. Willis, 47 Texas, 155; Anderson v. Chandler, 18 Texas, 436, and authorities cited; Williams v. Bradbury, 9 Texas, 487.

4. Whether the policy of insurance be taken out in the name of the husband or wife, if the insurance is upon community property which is afterward destroyed the proceeds of the policy would be community property and subject to the payment of the husband's debts. Epperson v. Jones, 65 Texas, 425; Cox v. Miller, 54 Texas, 16; Ezell v. Dodson, 60 Texas, 331.

STAYTON, CHIEF JUSTICE.—Appellees, being judgment creditors of J. C. McDonald, caused an affidavit to be made that the Insurance Company of North America and another insurance company were indebted to McDonald, with a view to obtain a writ of garnishment. The affidavit did not state whether appellant or the other company was a corporation, joint stock association, or copartnership, but did allege that B. M. Burgher was the agent of each. The affidavit for garnishment should state such facts as would enable the officer who is called upon to issue the writ properly to issue it. Rev. Stats., arts. 185–7.

The affidavit before us did not furnish such information. A writ of garnishment issued directing the officer to summon "B. M. Burgher, agent as aforesaid, if to be found in your county, to be and appear before said court at the next term thereof, to be held at Bonham, in said county, on the 20th day of August, A. D. 1883, then and there to answer upon oath what, if anything, he or said companies are indebted to the said J. C. McDonald," etc.

This writ did not direct that the companies upon whom liability as

garnishees was desired to be fixed should be summoned, and for this reason was fatally defective. Insurance Co. v. Seeligson, 59 Texas, 3; Drake on Att., 451b, 470; Rev. Stats., art. 186.

The return on the writ of garnishment was "executed on the 3d day of May, 1883, by delivering to the within named garnishee in person a true copy of this writ." This return was fatally defective, and had the writ been sufficient would not have authorized any action against either of the insurance companies, that were in fact corporations. Insurance Co. v. Seeligson, 59 Texas, 3; Railway Co. v. Rider, 45 Md., 24; Drake on Att., 451d; Wade on Att., 363.

On August 20, 1883, Burgher assumed to answer for the two insurance companies, denying every fact that would fix liability as garnishee on an individual.

Up to this point in the proceedings the court evidently had no jurisdiction over appellant as garnishee, and though Burgher may have been its agent he then had no power to confer such jurisdiction by his answer. Raymond v. Rockland Co., 40 Conn., 405; Ribel v. Ins. Co., 33 Mich., 400; Schindler v. Smith, 18 La. Ann., 479; Phelps v. Boughton, 27 La. Ann., 592; Drake on Att., 451b; Wade on Att., 361, 399.

After the coming in of the answer made by Burgher no further proceedings were taken against the other corporation, but an affidavit was filed controverting the answer made by him for appellant company.

Subsequently appellees filed such pleadings as would be appropriate in a case in which a policy holder was seeking to recover from an insurance company on account of a loss by fire, alleging among other things that appellant issued a policy to Laura McDonald, then the wife of J. C. McDonald, covering certain losses by fire which were alleged to have occurred while the policy was in force, whereby it was claimed the company became indebted to J. C. McDonald.

As early as February 26, 1884, appellant filed what is termed an answer, which consists of exceptions to a petition termed "original petition," which is not found in the transcript, but we find what is termed a second amended petition, filed February 16, 1886, which contains the averments before referred to.

At same time it set up by another answer a defense arising from failure of the policy holder to make proof of loss within the time prescribed by the policy, and by an answer filed March 2, 1886, it set up the further defense of failure to bring suit on the policy within twelve months, the policy containing a clause providing that no action should be brought after that period.

The answers contained other defensive matters not necessary in this connection to state.

It having appeared from appellees' pleadings that the policy under which the liability of appellant to McDonald depended was issued to his

wife and covered only property exempted from forced sale, appellant suggested that McDonald and wife should be made parties to the action; and on August 24, 1884, Mrs. McDonald, joined by her husband, for herself, filed a pleading in which she expressed her willingness that appellees might receive the sum due on this policy, but in the event this could not be permitted she prayed a judgment in her own favor.

J. C. McDonald did not otherwise answer, but died pending the proceedings, when his death was suggested and a motion made to abate the garnishment proceedings, which was overruled, and an order was made that the heirs of McDonald should be cited as parties. If they were ever brought before the court this is not shown.

Under this state of facts several inquiries arise. Did the proceedings in garnishment, with or without reference to the answers filed by appellant and the appearance of McDonald and wife, confer on appellees any right whatever? It is only "from and after the service of such writ of garnishment it shall not be lawful for the garnishee to pay to the defendant any debt or to deliver to him any effects." Rev. Stats., art. 191.

It is not upon the filing of a proper affidavit and issuance of a valid writ of garnishment that a creditor secures a right or can be said to have or prosecute a cause of action against one indebted to his debtor. That right attaches when through the process provided by law the creditor suing it out has acquired the right to have the money or thing in the hands of the garnishee and due or belonging to his debtor appropriated to the debt due by the latter.

"Garnishment rests wholly upon judicial process and depends upon the due pursuit of the steps prescribed by law for its prosecution. It can borrow no aid from the volunteered acts of the garnishee. Such acts will be regarded as void so far as they interfere with the rights of third persons." Drake on Att., 451b; Wade on Att., 336.

No one step taken in this case to fix the liability of appellant being in the manner prescribed by the statute, it must be held that this cause stands just as though no effort had ever been made to fix liability on appellant as a garnishee, unless the filing of an answer by it and the appearance of McDonald and wife can in some way give validity to it.

There being neither such affidavit, writ, or service as the law prescribes, no restraint was imposed on the power of McDonald to collect or transfer the policy, if he was its owner, nor upon appellant to pay it to any legal holder.

The right of McDonald, if it be conceded that he was the owner, to deal with it as he pleased in good faith could not be defeated by any voluntary act of appellant, and until this right was withdrawn, which could be done only by proper service of a valid writ of garnishment, we do not see how a judgment in opposition to the expressed will of appellant could be rendered against it; and it is not necessary in this case to

inquire what would be the effect of a judgment as between appellant and appellees entered upon the voluntary appearance and consent of the former.

Before a judgment can be rendered against one sought to be made liable as garnishee against his will the court must have such custody or control over the thing on which the liability depends as will enable it to render a judgment which will bar any claim of the original defendant against the garnishee on account of the disposition made by him of the thing in pursuance of the judgment.

Such control or custody can not be given by any answer one sought to be charged as a garnishee may file, and can only exist when the steps made requisite by the statute have been taken to bring the garnishee before the court.

Cases may occur in which a judgment rendered against a garnishee after service of a proper writ will not give to him protection against the rights of third persons, but this results from the uncertainty that must attend the administration of all laws.

The requisites of the law, however, are satisfied when a state of facts is shown which makes it obligatory on one sought to be charged as garnishee to answer and to show, in case of contest if the burden should rest on him, the relation of the original defendant to a debt he may owe or property he may hold, and an opportunity to show that the facts existing when the obligation to answer arose do not authorize a judgment against him.

Such an obligation does not exist until process has been served upon him in accordance with the requirements of the statute.

It can not arise from his denial of liability, however made, nor upon an issue made upon his answer in the absence of service of proper process as required by law.

If there had been proper service of a valid writ on appellant the right of McDonald would have been cut off by judgment, whether he was made a party to the proceeding or not, a judgment having been rendered in favor of appellees against him the validity of which is not questioned.

This case must be treated as one in which there had not been any attempt to subject appellant to the liability of a garnishee, for no step taken to fix such liability was valid or in any way effective. It can not be treated as an action brought where papers were filed for the purpose of obtaining writ of garnishment, for at that time appellees had no right and afterwards failed to secure any under any act done looking to garnishment, which was the only means through which under the statute they could acquire the right sought.

Nothing done by J. C. McDonald could operate as an assignment to appellees of any claim he may have had against appellant, and in the absence of this or a valid writ of garnishment we know of no manner in

which appellees could subject any sum due to him by appellant to the payment of the debt due to them.

If, however, in view of the fact that appellees were seeking to have what may have been due from appellant to J. C. McDonald, the pleading filed by himself and wife could possibly be construed into an assignment or consent that appellees might appropriate any sum due him by appellant, and if this might be deemed an action based on a right thus acquired, then it could not antedate the time when the right accrued, to which time the defenses urged by appellant would operate.

The property was destroyed in April or May, 1883, and the answer filed by McDonald and wife was not filed until August, 1884. Appellees assert no claim through Mrs. McDonald, but on the contrary claim that she had no interest in the policy nor in the property destroyed other than such as she held as a member of the community composed of herself and husband, and her pleading could confer no right on them.

The court below should have sustained the exceptions which questioned the sufficiency of the affidavit for garnishment, the writ, and its service, and under the facts presented should not have given a charge that made it possible for a jury following it to find a verdict in favor of appellees. An inspection of the record renders it probable that it does not fully show all the proceedings in the court below, and we will not now inquire whether any party to the action has rights that may be successfully asserted. There are many questions presented by the assignments of error which in the view taken of the case it becomes unnecessary to consider.

For the errors noticed the judgment of the court below will be reversed and the caused remanded.

*Reversed and remanded.*

Delivered May 17, 1889.