**SMALL BUSINESS INVESTMENT COMPANY OF HOUSTON,**
Appellant,

v.

**CHAMPION INTERNATIONAL CORPORATION, Appellee.**

**No. 17860.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

June 25, 1981.

Ladin & Engel, Don M. Kennedy, David W. Showalter, Houston, for appellant.

Baker & Botts, Norris Dennard, Houston, for appellee.

Before COLEMAN, C. J., and SMITH and PEDEN, JJ.

SMITH, Justice.

Champion International Corporation (Champion), appellee, brought suit in Harris County to garnish funds held in the name of Leo Davis by various oil companies.

Small Business Investment Company of Houston (SBIC), appellant, intervened asserting its right to those funds. The trial court granted Champion's summary judgment motion for funds held by Exxon and denied the motion for summary judgment by SBIC. SBIC appeals from such judgment.

Champion was granted a judgment of $24,204.15 against Davis on February 7, 1972. Champion had writs of garnishment served on Exxon on April, May, June and September of 1979.

SBIC obtained a judgment against Davis in Dallas County, Texas in 1975, but such judgment was modified by a mandate dated December 13, 1976. SBIC filed two separate garnishment suits in the Dallas court, and recovered judgment against Exxon in the first garnishment proceeding for $4,384.57. In the second garnishment suit in the Dallas court SBIC did not have a writ of garnishment issued and served on Exxon nor was service obtained upon Davis. Exxon appeared voluntarily in the second garnishment proceeding in the Dallas court and filed an answer showing that as of March 15, 1979, it held in the Davis account $5,952.63 less $4,384.57 held to pay the judgment in the first garnishment proceeding, leaving a net of $1,568.06 in the Davis account. Exxon filed a petition to implead Champion in the second garnishment proceeding in the Dallas court and Champion filed an answer in such suit setting up the pendency of the Houston garnishment proceeding. No judgment has been entered in the second garnishment proceeding in the Dallas court.

SBIC alleges in its first point of error that the trial court erred because Exxon's voluntary answer to SBIC's application for writ of garnishment on March 15, 1979, along with the debtor's voluntary answer and participation in those garnishment proceedings, entitled SBIC to those funds held by Exxon on that date. SBIC urges Exxon's voluntary answer to SBIC's application for writ of garnishment in the second Dallas proceeding waived its right to the funds of Davis which it held. We cannot agree with the appellant's position. Exxon could not waive the right of Davis to be served with a writ. When a garnishee answers in a suit praying for a writ it waives its right to be served with a writ, but it does not waive the rights of the debtor. *J. C. Hadsell and Co., Inc. v. Allstate Insurance Company*, 516 S.W.2d 211 (Tex.Civ. App.—Texarkana 1974, writ dism'd). Exxon implead Champion, but Exxon could not waive Champion's rights in the Dallas suit nor any rights Champion may have obtained in this garnishment action.

SBIC alleges further that Davis waived his right to be served with a writ in the Dallas proceeding by his voluntary appearance. We agree. Service of a writ of garnishment is a statutory requirement which must be strictly complied with and failure to so serve is not a mere irregularity. Where the debtor has answered and participated in a garnishment suit on a voluntary basis, the debtor waives only irregularities in the writ of garnishment and not the necessity for the writ itself. *Long v. Cosden Petroleum Corporation*, 407 S.W.2d 1 (Tex.Civ.App.—Texarkana 1966, no writ). Only irregularities such as defects in the affidavit or bond may be waived by the voluntary appearance of a debtor. *Megargel Drilling Co. v. City National Bank in Wichita Falls, Texas, et al.*, 352 S.W.2d 796 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n.r.e.). However, a garnishor's rights are determined by priority in time and priority in time is determined by service of the writ. When a writ of garnishment is granted and a summons issued but not served the requisites of the law are not satisfied. Without service, no control or custody is gained by the answer of the garnishee. *Insurance Co. of North America v. Friedman*, 74 Tex. 56, 11 S.W. 1046 (1889).

As SBIC failed to secure and serve a writ of garnishment in the second Dallas proceeding, that proceeding will not prohibit the full recovery of Champion from Exxon as garnishee. Without the service of the writ of garnishment, SBIC has no priority over Champion's right in the Harris County proceeding. Appellant's first point of error is overruled.

SBIC contends in its second point of error that the trial court erred in denying its judgment for the sum of $2,038.98, representing funds held by Exxon accruing between July 3, and November 6, 1979.

In July of 1979 SBIC had the sheriff of Wood County, Texas execute its Dallas County judgment against certain property owned by Davis located in Wood County. SBIC received a sheriff's deed to the property in July of 1979. In November of 1979, Champion had the sheriff of Wood County levy upon the same property and received a sheriff's deed at that time. The $2,038.98 held by Exxon and claimed by SBIC accumulated between the dates of the two sheriff's sales. At the time the judgment was granted in our case, a separate suit had been filed previously, requesting the court to make an adjudication of the rights of the parties under the deeds of the sheriff of Wood County, Texas, and for a determination of the ownership of the accumulated funds.

The issues to be determined in a garnishment proceeding are defined by statute and the only real issue in our case is whether Exxon was indebted to Davis or had in its possession unencumbered effects belonging to him at the time of the service of the writs by Champion. *Chandler v. Cashway Building Materials, Inc.*, 584 S.W.2d 950 (Tex.Civ.App.—El Paso 1979, no writ).

The determination of ownership of property is not the function of a garnishment proceeding. The trial court properly entered judgment denying the request to determine the ownership of the $2,038.98 held by Exxon, and properly stated in the judgment that it was without prejudice to the rights of the parties to seek relief in another suit or suits to determine the ownership of the funds in its possession.

The appellant's second point of error is overruled, and the judgment of the trial court is affirmed. Costs of appeal are charged to the appellant.