**WALNUT EQUIPMENT LEASING CO., Appellant,**

v.

**J–V DIRT & LOAM, A DIVISION OF J–V MARBLE MFG., INC., and Nations-Bank of Texas, N.A., Appellees.**

No. 03–95–00060–CV.

Court of Appeals of Texas, Austin.

Sept. 20, 1995.

Rehearing Overruled Nov. 8, 1995.

William A. Petersen, Jr., Houston, for Appellant.

David G. Caldwell, Austin, for J–V Dirt & Loam.

Jeffrey J. Brookner, Hirsch & Westheimer, P.C., Houston, for NationsBank of Texas.

Before CARROLL, C.J., and ABOUSSIE and JONES, JJ.

PER CURIAM.

This appeal arises from a proceeding to dissolve a writ of garnishment. Appellant Walnut Equipment Leasing Company obtained a writ of garnishment against appellee NationsBank of Texas, N.A. The writ impounded funds of appellee J–V Dirt & Loam, a Division of J–V Marble Manufacturing, Inc., against whom Walnut had previously obtained a judgment. The underlying judgment was based on J–V's breach of a lease for cellular telephones. J–V moved to dissolve the writ and also sought damages for wrongful garnishment. After a hearing before the trial court, the court rendered judgment dissolving the writ of garnishment. We will affirm the trial court's judgment.

A garnishor must serve the judgment debtor with a copy of the writ of garnishment, the application, accompanying affidavits, and orders of the court as soon as practicable following service of the writ on the garnishee. Tex.R.Civ.P. 663a. In point of error one, Walnut asserts that J–V waived the requirement of service when it moved to dissolve the writ and appeared before the trial court. The trial court's findings of fact reveal that it dissolved the writ based on Walnut's failure to serve J–V as Rule 663a required. Walnut does not dispute its failure to serve J–V with a copy of the writ.

Following Walnut's service of the writ on NationsBank, J–V filed a "Motion To Dis-

solve Writ of Garnishment and for Damages, Costs, and Attorney's Fees." The court held an evidentiary hearing, in which J–V participated and adduced evidence on its damages for wrongful garnishment. Several months later, J–V filed a "Motion To Release Garnished Funds and for Dismissal." The court then signed its order dissolving the writ of garnishment and dismissing the cause.

■ The writ of garnishment affords a harsh remedy. It was not known to the common law, but is purely statutory. *Beggs v. Fite,* 130 Tex. 46, 106 S.W.2d 1039, 1042 (1937); *see* Tex.Civ.Prac. & Rem.Code Ann. §§ 63.001–.005 (West 1986 & Supp.1995); Tex.R.Civ.P. 657–679. For this reason, garnishment proceedings cannot be sustained unless they strictly conform to the statutory requirements and related rules. *Fite,* 106 S.W.2d at 1042; *Pinkston v. Victoria Bank & Trust Co.,* 215 S.W.2d 245, 247 (Tex.Civ. App.—Waco 1948, no writ). The garnishor must strictly comply with the requirement that it serve the debtor, and its failure to comply is not a mere irregularity. *Small Business Inv. Co. v. Champion Int'l Corp.,* 619 S.W.2d 28, 30 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). When the judgment debtor voluntarily answers and appears in a garnishment suit, the debtor waives only irregularities in the writ of garnishment and not the necessity for the writ itself. *Id.; e.g., Long v. Cosden Petroleum Corp.,* 407 S.W.2d 1, 2–3 (Tex.Civ.App.—Texarkana 1966, no writ) (debtor who filed general pleading waived technical defect in writ of garnishment); *see* 38 C.J.S. *Garnishment* § 165 (1943) (garnishment void because properly certified copy of writ was not left with debtor is not validated by debtor's appearance).

■ Given the requirement that a garnishor strictly comply with rules governing garnishment proceedings, we hold that J–V's voluntary appearance did not cure Walnut's failure to serve it with a copy of the writ. *Small Business Inv. Co.,* 619 S.W.2d at 30. This holding is in accord with our previous holding that actual notice to the debtor of a garnishment action does not constitute sufficient notice under Rule 663a. *See Hering v. Norbanco Austin I, Ltd.,* 735 S.W.2d 638 (Tex.App.—Austin 1987, writ denied). We note that the court of appeals in *DEL–PHI Eng'g Assocs., Inc. v. Texas Commerce Bank–Conroe, N.A.,* held that judgment debtors, who had not been served with a copy of the writ of garnishment, waived notice by agreeing to the second hearing on their motion to dissolve. 771 S.W.2d 589, 591 (Tex.App.—Beaumont 1989, no writ). To the extent that *DEL–PHI* compels a determination that J–V waived service of the writ in this case, we decline to follow it. We overrule point one.

■ In its second point of error, Walnut challenges the legal and factual sufficiency of the evidence to support the trial court's finding of fact number two. This finding states, "The Defendant does not now and has never at any time done business under the name Turner and Associates." In finding number four, which Walnut does not challenge, the trial court states that Walnut served J–V "doing business as Turner and Associates" at 3510 Rivercrest Drive, Austin, Texas 78746.

■ Apart from proof of the grounds supporting issuance of the writ, the party moving to dissolve the writ bears the burden to prove the ground for dissolution. *See* Tex.R.Civ.P. 664a; 38 C.J.S. *Garnishment* § 272(c) (1943); *e.g., Jefferson Sav. & Loan Ass'n v. Adams,* 802 S.W.2d 811, 813 (Tex. App.—San Antonio 1990, writ denied). To review Walnut's no-evidence challenge, we consider only the evidence and inferences tending to support the finding. If any probative evidence supports the finding, it must be upheld. *Responsive Terminal Sys., Inc. v. Boy Scouts of Am.,* 774 S.W.2d 666, 668 (Tex.1989); *Southern States Transp., Inc. v. State,* 774 S.W.2d 639, 640 (Tex.1989). To review Walnut's factual-sufficiency challenge, we consider all the evidence and will set aside the finding only if the evidence supporting it is so weak, or the evidence to the contrary so overwhelming, as to make it clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *West v. Watkins,*

594 S.W.2d 800, 802 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.).

Walnut does not challenge the court's finding number one, which states, "The correct name of the Defendant herein is J–V Dirt and Loam, a Division of Marble Manufacturing, Inc." We are therefore bound by this finding. *Des Champ v. Featherston,* 886 S.W.2d 536, 541 (Tex.App.—Austin 1995, no writ). John Sprenkle, the principal owner of J–V, denied that the company's name included "d/b/a Turner and Associates." He testified that J–V Dirt & Loam, a Division of J–V Marble Manufacturing, Inc., had never done business under the name of Turner and Associates.

William Shapiro, president of Walnut, testified that Walnut received a check in partial payment of the lease from "Turner Trucking Company, debtor in possession." He also stated that Sprenkle told Walnut that the leased equipment would be in the possession of Turner Trucking. Each month, Walnut billed J–V by sending an invoice to the address J–V directed; J–V frequently changed the address for invoicing. At some point, Walnut was told to send invoices to Turner and Associates.

The trial court admitted in evidence Walnut's business records along with the affidavit of Shapiro. The records and affidavit show that shortly after signing the lease, J–V told Walnut to send its bills to the attention of Joanne Turner at the address given in the lease for the location of the leased phones. About one month later, Sprenkle informed Walnut that it should contact Bill Turner about the leased equipment. The next month, Sprenkle told Walnut to talk to Joanne Turner of the National Safety Association to verify the information in the lease. Sprenkle said that Joanne was the person who was using the leased equipment and who was to pay the invoices. Joanne Turner confirmed with Walnut that the leased equipment had been installed in vehicles at her place of business. On September 30, 1991, Walnut sent Sprenkle an invoice that was returned with a notation by the post office giving the address of Turner and Associates.

Shapiro states in his affidavit that because Sprenkle had told Walnut that Turner and Associates possessed the leased equipment, Walnut assumed that Turner and Associates was associated with or was a division of J–V Marble Manufacturing, Inc.

Sprenkle's testimony that J–V's name did not include "d/b/a Turner and Associates" and that J–V had never done business as Turner and Associates is clearly some evidence to support the challenged finding. The remaining evidence, including testimony that the leased equipment was used at a location other than J–V's, that Walnut billed Turner and Associates for lease payments, and that Walnut assumed that Turner and Associates was part of J–V, does not overcome Sprenkle's testimony. Because both legally and factually sufficient evidence support the trial court's finding that Turner and Associates was an entity distinct from J–V, we overrule point two.

■ In its third point of error, Walnut challenges the legal and factual sufficiency of the evidence to support the trial court's fact finding number three. This finding states, "The Defendant does not now and has never done business at 3510 Rivercrest Drive, Austin, Texas 78746, nor has Defendant ever represented to anyone that was its correct or proper address."

Regarding J–V's address, Shapiro testified that Walnut sent invoices on the lease to the addresses furnished to its employees. Walnut's business records, as well as Shapiro's affidavit, document several addresses for J–V. The lease, signed August 12, 1991, gave J–V's address as 12009 Harold Green in Austin and the location of the leased equipment as 9390 Research in Austin. On August 27, J–V requested that all bills be sent to the Kaleido Building at 9390 Research. One month later, Sprenkle requested a copy of the lease, which Walnut sent to 12009 Harold Green. Sprenkle told Walnut on October 3, however, that he had not received the lease, that the Harold Green address was incorrect, and that the correct address was 305 Industrial Boulevard in Austin. The location at

Harold Green was apparently property on which J–V was building. Walnut sent a copy of the lease to 305 Industrial Boulevard, and Sprenkle confirmed on October 23 that he had received the lease.

Invoices sent to J–V were returned on October 3 with a notation by the post office that the new address was "Turner and Associates; P.O. Box 201414" in Austin. The evidence does not show the address to which the returned invoices were sent. Shapiro states in his affidavit that a new address, "3510 Rivercrest; Austin, Texas 78746" was obtained from the post office and was the last address known to Walnut. A memo among Walnut's business records dated February 15, 1993, notes that the new address for Turner and Associates is 3510 Rivercrest, Austin, Texas 78746. In testifying on his attorney's fees, Walnut's attorney stated that the last address Walnut had been sending invoices to, and apparently receiving checks from, was 3510 Rivercrest.

The facts shown are that J–V itself changed addresses once and that it directed invoices under the lease to a second address. Several months after the lease was signed, Walnut's invoices were returned. Nothing in the evidence, however, connects the address at Rivercrest to J–V. The evidence shows, legally and factually, that during the time in question J–V had addresses other than 3510 Rivercrest. The evidence also shows that, as to the relations between the parties, J–V never represented 3510 Rivercrest to be its correct address. The evidence is legally and factually sufficient to support the trial court's third finding of fact. We therefore overrule point three.

 In points of error four and five, Walnut complains that the evidence is legally and factually insufficient to support the trial court's dismissal of the writ of garnishment. Walnut first argues that the dismissal cannot be supported by J–V's claim that the under-

lying judgment, obtained in Pennsylvania, is invalid. The trial court's fact findings four and five reveal, however, that it based the dismissal on Walnut's failure to serve the writ of garnishment on J–V as required by Rule 663a. Because Walnut does not attack these findings, they are binding on appeal. *Des Champ,* 886 S.W.2d at 541. We need not consider grounds not made the basis for the judgment. *See* Tex.R.Civ.P. 299.

 Walnut next asserts that because it proved the grounds relied on for issuance of the writ of garnishment, it was entitled to a judgment upholding the writ. On a motion to dissolve the writ, Texas Rule of Civil Procedure 664a assigns to the garnishor the burden to prove the grounds relied on to issue the writ. *See* Tex.Civ.Prac. & Rem. Code Ann. § 63.001 (West 1986).[1] At the same hearing, however, the party whose property has been garnished may seek dissolution of the writ "for any grounds or cause, extrinsic or intrinsic." Tex.R.Civ.P. 664a. Even if Walnut sustained its burden to prove the grounds for issuing the writ, J–V was entitled to assert independent reasons for quashing it. If J–V established its independent ground for dissolving the writ, Walnut's proof would not preclude dissolution. In this case, the trial court concluded that J–V established Walnut's failure to serve it. We therefore disagree that Walnut's proof of the grounds for issuing the writ compelled a denial of the motion. We overrule points four and five.

 In its sixth point of error, Walnut claims that J–V's pleadings were insufficient to support the judgment. Walnut first argues that the motion to dissolve and the motion to dismiss lacked the sworn denials required by Rule of Civil Procedure 664a. Rule 664a states that a judgment debtor may seek to dissolve a writ of garnishment by sworn written motion. Tex.R.Civ.P. 664a. Without addressing the question whether the

---

1. A writ of garnishment is available if a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment. Tex.Civ.Prac. & Rem.Code Ann. § 63.001(3) (West 1986).

motion to dismiss superseded the motion to dissolve, we determine that Walnut has waived its objection to the lack of sworn pleadings by failing to object and obtain a ruling in the trial court. *See* Tex.R.Civ.P. 90; Tex.R.App.P. 52(a).

■■■■ Walnut specially excepted to the affidavit of Sprenkle, which was attached to the motion to dissolve, on the basis that it did not show Sprenkle's personal knowledge. By failing to obtain a ruling on its exception, however, Walnut has waived the claim for review. Tex.R.Civ.P. 90; Tex.R.App.P. 52(a); *Olney Sav. and Loan Ass'n v. Farmers Market of Odessa, Inc.*, 764 S.W.2d 869, 871 (Tex.App.—El Paso 1989, writ denied). Walnut never objected in the trial court that J–V's motion to dismiss was unsworn. Although a motion to dissolve a writ of garnishment must be sworn, an unsworn motion does not present a jurisdictional or fundamental defect. *See Sherry Lane Nat'l Bank v. Bank of Evergreen*, 715 S.W.2d 148, 150 (Tex.App.—Dallas 1986, writ ref'd n.r.e.) (unsworn application for garnishment, though required to be sworn, did not present fundamental error); *Hudler–Tye Constr., Inc. v. Pettijohn & Pettijohn Plumbing, Inc.*, 632 S.W.2d 219, 223 (Tex.App.—Fort Worth 1982, no writ); *Gottesman v. Toubin*, 353 S.W.2d 294, 299 (Tex.Civ.App.—Houston [1st Dist.] 1962, no writ).

Walnut next claims that the grounds in the motion to dissolve concerning the validity of the underlying judgment were insufficient to support the dissolution. Because the trial court dissolved the writ on another basis, the grounds Walnut attacks are of no consequence. We overrule point six.

NationsBank independently asserts two points of error that, in view of our disposition of this case, we need not address.

We affirm the judgment of the trial court.