Robert H. MENDOZA, Maria Lerma, and Carmen L. Esparza, Appellants,

v.

LUKE FRUIA INVESTMENTS, INC., d/b/a Luke Fruia Motors, Appellee.

No. 13–96–367–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 15, 1998.

Roberto H. Mendoza, Rene B. Gonzalez, Brownsville, for appellants.

Tom Fleming, Fleming, Hewitt & Olvera, Brownsville, Roberto Garza, Freeman & Castillion, Laredo, for appellee.

Before DORSEY, YANEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

Appellants, Robert H. Mendoza, Maria Lerma, and Carmen L. Esparza, appeal the trial court's decision granting Luke Fruia Investments' ("Fruia") writ of garnishment. We reverse and remand.

Fruia sought to satisfy, by writ of garnishment, a judgment it had against Robert H. Mendoza entered in a separate cause of action. Garnishee, International Bank of Commerce, was served with the writ of garnishment and filed a sworn answer stating it was indebted to Mendoza by funds on deposit in the names of Robert Hernandez Mendoza and Robert Hernandez Mendoza Campaign Fund. Even though he was not served, Mendoza filed a general denial. The trial court, without notice to appellants, entered judgment awarding the garnished funds to Fruia. Thereafter, Mendoza filed a motion to set aside judgment, motion for new trial, and motion to dissolve the writ of garnishment. Appellants Lerma and Esparza,[1] upon learning of the trial court's judgment, intervened by filing a motion for new trial and motion to modify the writ of garnishment. A hearing was held on all the motions, which were subsequently overruled by operation of law.

In points of error three and four, appellants allege the trial court erred in granting the writ of garnishment because Fruia failed to serve Mendoza with the writ pursuant to rule 663a of the Texas Rules of Civil Procedure.

A writ of garnishment impounds the alleged money, property, or credits of the debtor. *Beggs v. Fite*, 130 Tex. 46, 106 S.W.2d 1039, 1042 (1937). Because this is an extraordinary remedy, the supreme court has held garnishment proceedings "cannot be sustained unless they are in strict conformity with statutory requirements." *Id.* Rule 663a provides:

The defendant shall be served in any manner prescribed for service of citation or as provided in Rule 21a with a copy of the writ of garnishment, the application, accompanying affidavits and orders of the court as soon as practicable following the service of the writ. There shall be prominently displayed on the face of the copy of the writ served on the defendant, in ten-point type and in a manner calculated to advise a reasonably attentive person of its contents, the following:

"To _____, Defendant:

"You are hereby notified that certain properties alleged to be owned by you have been garnished. If you claim any rights in such property, you are advised:

"YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A REPLEVY BOND. YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT."

Tex.R. Civ. P. 663a. While appellants contend Fruia's failure to follow this rule requires a new trial, Fruia asserts a voluntary appearance by Mendoza waived notice.

Two other courts of appeals have addressed this issue with conflicting results. In *DEL–PHI Eng'g Assocs., Inc. v. Texas Commerce Bank–Conroe, N.A.*, 771 S.W.2d 589, 591 (Tex.App.—Beaumont 1989, no writ), it was undisputed the debtor did not receive the statutorily required notice. The debtor, however, voluntarily appeared at the hearing on the motion to dissolve the writ of garnishment. *Id.* The Beaumont Court of Appeals held the debtor had waived notice by his voluntary appearance. *Id.*

In *Walnut Equip. Leasing v. J–V Dirt & Loam*, 907 S.W.2d 912, 915 (Tex.App.—Austin 1995, writ denied), the garnishor, again, did not dispute its failure to properly give notice to the debtor in a garnishment proceeding. It alleged, however, the debtor

---

1. Maria Lerma and Carmen L. Esparza are the mother and sister of Mendoza. Apparently, Lerma and Esparza were parties to a lawsuit and were represented by Mendoza. Each received consideration for settlement of the lawsuit and asked Mendoza to deposit the funds in his personal checking account, which he did. Both assert they did not intend for Mendoza to keep as his own any portion of the amounts deposited. Based upon this assertion, they intervened in the garnishment proceeding claiming an interest in the garnished funds.

waived the notice requirement by appearing at the hearing to dissolve the writ. *Id.* at 915. The Austin Court of Appeals disagreed and, in declining to follow *DEL–PHI,* held rule 663a requires *strict compliance. Id.* (citing *Beggs,* 106 S.W.2d at 1042). The Austin court noted that when a judgment debtor voluntarily answers and appears in a garnishment proceeding, the debtor waives only irregularities in the writ of garnishment, such as defects in the affidavit or bond. *Id.* (citations omitted). Voluntary appearance does not waive the requirements of the writ itself. *Id.*

■ We agree with the Austin Court of Appeals. Rights under a writ of garnishment are determined by priority in time, which itself is determined by service of the writ. *Small Bus. Inv. Co. v. Champion Int'l Corp.,* 619 S.W.2d 28, 30 (Tex.App.—Houston [1st Dist.] 1981, no writ). Without proper service of the writ on the debtor, no control or custody of his property can be gained by his answer. *Id.* (citing *Insurance Co. of N. Am. v. Friedman,* 74 Tex. 56, 11 S.W. 1046, 1047 (1889)). While Mendoza filed an answer to the writ of garnishment and all appellants appeared at the hearing on the motions for new trial, it is undisputed Fruia did not comply with the rule 663a notice provision. Because Fruia failed to give appellants notice of the writ of garnishment as required by the rules, we hold the trial court erred in granting the writ.

Appellants' third and fourth points of error are sustained.

Due to our disposition of the above points, we need not address the remaining points of error. TEX.R.APP. P. 47.1.

The judgment of the trial court is REVERSED and the cause REMANDED for a new trial.