

# NUMBER 13-10-00274-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

## IN RE: TASTY MOMENTS, LLC, LAAMCO PROPERTIES, INC., FALL RIVER INVESTMENTS, LLC, O/B/O SMART PAY SALES, INC.

---

## On Petition for Writ of Mandamus.

---

# MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Wittig[1]**
**Memorandum Opinion by Justice Benavides[2]**

By petition for writ of mandamus, relators, Tasty Moments, LLC, LAAMCO

---

[1] Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005.)

[2] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Properties, Ltd., and Fall River Investments, LLC, on behalf of Smart Pay Sales, Inc., seek to compel the trial court to vacate its order dissolving a writ of garnishment. We deny the petition for writ of mandamus.

## I. BACKGROUND

Relators and the real party in interest herein, Steven C. Lopez, owned a corporation related to automobile financing. Relators brought suit against Lopez in cause number 08CV4320, Division 7 – Munch, in the Combined Court of Jefferson County, Colorado alleging that Lopez fraudulently used funds for his own personal benefit that were held in trust by the corporation for the benefit of its third-party customers. On April 29, 2009, the Colorado district court entered judgment against Lopez and in favor of relators in the amount of $383,604.03. On May 15, 2009, relators filed the Colorado judgment in cause number 09-2320-A in the 28th District Court of Nueces County, Texas pursuant to the Uniform Enforcement of Foreign Judgments Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 35.001-35.008 (Vernon 2008).

In a separate matter, on March 14, 2006, Lopez sued Countrywide Home Loans, Inc. in cause number 2:06-116 in the United States District Court for the Southern District of Texas, Corpus Christi Division, for various causes of action relating to the alleged wrongful foreclosure of Lopez's residence in Corpus Christi, Texas. Lopez's home had been sold in October 2005 at a foreclosure sale. Lopez's claims in this lawsuit included causes of action for usury, fraud, negligence, eviction, and consumer protection claims, for which Lopez sought compensatory and punitive damages. In October 2009, Lopez

2

and Countrywide agreed to settle this lawsuit.

Relators began garnishment proceedings in the 28th District Court to attempt to obtain the funds which Countrywide had agreed to pay to Lopez as a result of the settlement of Lopez's claims against Countrywide. The procedural history of the filings in this court is convoluted. As stated previously, the Colorado judgment was originally assigned as cause number 09-2320-A in the 28th District Court. Relators' initial application for writ of garnishment, filed on July 23, 2009, was assigned as cause number 09-3478-A in the 28th District Court. The initial post-judgment writ of garnishment issued on August 5, 2009 in that same cause. However, when Countrywide filed its original answer to the writ on September 22, 2009, it filed its answer under cause number 09-2320-A. By Countrywide's original answer, it averred that it was not indebted to Lopez at the time it was served with the writ of garnishment.

Relators thereafter filed a "First Amended Application for Writ of Garnishment" on September 28, 2009, in cause number 09-2320-A. The writ of garnishment, issued on this date, recites that it is based on a judgment rendered in cause number 09-3478-A. Countrywide filed its "Amended Answer" to the amended application in cause number 09-2320-A. In this answer, Countrywide asserted that on or about October 2, 2009, Countrywide became indebted to Lopez in an amount that was confidential, and that on or about October 22, 2009, Countrywide would deposit the proceeds into the registry of the United States District Court, "pending the court's resolution regarding the rights of Steven C. Lopez, his attorneys, and/or their judgment creditors to those proceeds."

3

On November 17, 2009, relators intervened in the lawsuit pending in federal court between Lopez and Countrywide and requested that the court order any settlement funds to be deposited in state court. Instead, Countrywide deposited the funds in the registry of the federal court. The deposit took the form of two checks: a check for fees and costs due to Lopez's attorneys, and a check representing Lopez's compensatory damages. Without opposition from Countrywide, the federal court directed its clerk to release the attorney's fees and costs to Lopez's attorneys. Relators still sought to garnish the remaining $223,750 in settlement funds. By order issued on March 31, 2010, the federal court transferred the funds to the registry of the 28th District Court:

> Whether settlement funds representing compensatory damages in a wrongful foreclosure action constitute "proceeds of a sale of a homestead" is a novel question of Texas law. Moreover, even if Texas courts would consider such funds to be "proceeds of a sale of a homestead," the foreclosure sale occurred on October 4, 2005—more than four years ago. Whether the statute should be tolled to protect the funds from [relators'] reach until six months after they are in Lopez'[s] possession is also a novel question of Texas law. Thus, while the presently pending garnishment action does not strip the Court of its jurisdiction to decide this matter, the Texas State Court is in a better position to adjudicate matters involving the Texas Constitution and to resolve these novel issues regarding Texas' homestead exemption.

In state court, Lopez responded to the applications for garnishment and filed a "Motion to Dissolve or Modify Writ of Garnishment," a "Motion to Dissolve Writ of Garnishment," a "Defendant's Brief in Support of Motion to Dissolve Writ of Garnishment," a "Defendant's [Supplemental] Brief in Support of Motion to Dissolve Writ of Garnishment," and a "Defendant's Motion to Withdraw Funds." Each of these

4

documents was filed in cause number 09-2320-A. Relators, in turn, filed "Plaintiff's/Garnishor's Objections and Response to Defendant/Debtor Steven Lopez's Motion to Dissolve or Modify [Writ] of Garnishment and for New Trial," and "Garnishors' Supplemental Brief in Response to Debtor's Motion to Dissolve Writ of Garnishment," in cause numbers 09-2320-A and 09-3475-A.[3]

On May 4, 2010, the trial court granted Lopez's motion to dissolve the garnishment. The trial court did not issue findings of fact and conclusions of law in connection with its ruling. Following the rendition of this order, Lopez filed a motion to withdraw the funds in the registry of the court.

On May 10, 2010, relators filed this original proceeding and an emergency motion for stay. By order issued on May 10, 2010, this Court granted the motion for stay and ordered all proceedings in the trial court stayed pending further order of this Court, or until the case is finally decided. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). The Court further requested that the real parties in interest, Countrywide Home Loans, Inc., and/or Steven C. Lopez, by and through counsel, file a response to the petition for writ of mandamus. Lopez filed a response on May 19, 2010. Since that time, relators filed a supplement to the petition for writ of mandamus and a reply to Lopez's response. Lopez filed a supplemental response and an appendix, and relators filed a reply to Lopez's supplemental response and an additional appendix. This matter was submitted

---

[3] In these pleadings, relators refer to these two causes as "interrelated causes of action regarding the domestication and enforcement of the same judgment."

to the Court by oral argument on September 27, 2010.

Relators contend, by one issue, that the trial court erred in dissolving the writ of garnishment. In sub-issues, relators contend that garnishment can issue for a judgment based in tort; settlement funds are not subject to homestead protection; and relators did not garnish an entity of the United States of America.

## II. AVAILABILITY OF REVIEW BY MANDAMUS

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). In order to obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). When it comes to deciding what law applies—even if that law is unsettled—or in applying that law to the facts of the case, the trial court has no discretion. *In re Prudential Inc. Co. of Am.*, 148 S.W.3d at 135.

Historically, mandamus was treated as an extraordinary writ that would issue "only in situations involving manifest and urgent necessity and not for grievances that

6

may be addressed by other remedies." *Walker*, 827 S.W.2d at 840. Now, whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d at 462. Sometimes, "[a]n appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. According to the Texas Supreme Court:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Id.* at 136. The word "adequate" is really a proxy for the careful balancing test appellate courts apply in determining whether the benefits outweigh the detriments. *Id.* This test considers "both public and private interests." *Id.* In general, we avoid mandamus review of "incidental, interlocutory rulings" because such review is often unproductive, expensive, and distracts courts from important issues in the disposition of the case and the uniform development of the law. *Id.* We remain mindful that our contemplation of whether there is an adequate remedy on appeal "is not an abstract or formulaic one; it is practical and prudential." *Id.*

As a general rule, writs and orders issued to aid judgment creditors in collecting their judgments are not appealable. *See Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991) (orig. proceeding), *abrogated on other*

7

*grounds, In re Sheshtawy*, 154 S.W.3d 114, 124 (Tex. 2004) (orig. proceeding). However, an appeal will lie from a final judgment in a garnishment action independently of the underlying lawsuit because it is a separate proceeding. *In re Tex. Am. Express, Inc.,* 190 S.W.3d 720, 727 (Tex. App.–Dallas 2005, orig. proceeding). However, the order at issue does not dispose of all issues before the trial court, given, for instance, that there is no order of disbursement of the funds in the registry of the court, and is not a final judgment. Accordingly, it is subject to review by mandamus.

Lopez contends that relators have an adequate remedy at law because when relators learned that Countrywide "had transferred any indebtedness it had for the benefit of Lopez to a third party (the federal court's registry), they should have exercised the remedies at law available to it under Rule 670 of the Texas Rules of Civil Procedure, a Motion for Contempt of Court against Countrywide, which [they] did not." We disagree that a motion for contempt against Countrywide is an adequate appellate remedy. Whether relators have a potential cause of action against Countrywide is not relevant to whether they have an adequate remedy at law to collect the funds owed under the Colorado judgment. Moreover, we note that it is entirely unclear what action allegedly constitutes contempt or what court order Lopez is alleging that Countrywide violated.[4] We note that depositing funds into the registry of the court is a standard practice when the ownership of funds is in dispute. Moreover, relators contend:

---

[4] We note, for instance, that a garnishee subject to conflicting claims may file an interpleader, in which case the funds subject to conflicting claims are tendered into the registry of the court. *See, e.g., Northshore Bank v. Commercial Credit Corp.*, 668 S.W.2d 787, 789 (Tex. App.–Houston [14th Dist.] 1984, writ ref'd n.r.e.).

8

In this case, if the trial court issued an Order allowing the disbursement of funds to Lopez, which could be accomplished through Lopez's Motion to Withdraw Funds or in a Final Judgment, it would necessarily include an award to Lopez of the funds currently in the trial court's Registry. Thus, the money currently in the Court's Registry would be in Lopez's possession and control at that time and Relators would have no ability to regain the money regardless of the outcome of the appeal. As such, the outcome of any appeal would be illusory and without effect.

(Internal citations omitted). We agree that an appeal from a final judgment in this matter would not be an adequate appellate remedy.

Real party further contends that:

In addition, the primary issue to be determined by the Respondent was a question of first impression, as stated in the Order signed by United States District Judge John D. Rainey. Since this is a "novel question of Texas law" and Respondent essentially based her decision on supporting evidence and case law as submitted by the parties, there can be no arbitrary or unreasonable ruling and there is no "clear duty" . . . . Where the law is not settled, a trial judgment cannot act in violation of a clear duty to act. Nor can a trial judge's action constitute an abuse of discretion.

We again disagree. As stated by the Texas Supreme Court, we employ mandamus review of important or novel situations in exceptional cases because such review may preserve a party's substantial rights from impairment, allow the appellate court to give "needed and helpful direction to the law that would otherwise prove elusive in appeals from finals judgments," and reduce the waste of time and money resulting from the eventual reversal of improperly conducted proceedings. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

Having determined that this matter is appropriately before the Court by petition for writ of mandamus, we now turn our attention to the merits of this proceeding.

9

### III. GARNISHMENT

"A writ of garnishment impounds the alleged money, property, or credits of the debtor." *Mendoza v. Luke Fruia Invs., Inc.*, 962 S.W.2d 650, 651 (Tex. App.–Corpus Christi 1998, no pet.); *see Lease Fin. Group, LLC v. Childers*, 310 S.W.3d 120, 125 (Tex. App.–Fort Worth 2010, no pet.). Because garnishment is a "purely statutory" procedure that affords a "harsh remedy," "garnishment proceedings cannot be sustained unless they strictly conform to the statutory requirements and related rules." *Walnut Equip. Leasing Co. v. J-V Dirt & Loam, a Div. of J-V Marble Mfg., Inc.*, 907 S.W.2d 912, 915 (Tex. App.–Austin 1995, writ denied); *see Beggs v. Fite*, 130 Tex. 46, 52, 106 S.W.2d 1039, 1042 (1937) (stating that garnishment proceedings "cannot be sustained unless they are in strict conformity with statutory requirements"). The creditor's failure to strictly comply with the pertinent rules is "fatal" to a judgment in the garnishment action. *Lease Fin. Group, LLC*, 310 S.W.3d at 127; *Zeecon Wireless Internet, LLC v. Am. Bank of Texas, N.A.*, 305 S.W.3d 813, 819 (Tex. App.–Austin 2010, no pet.); *Hering v. Norbanco Austin I, Ltd.*, 735 S.W.2d 638, 641 (Tex. App.–Austin 1987, writ denied).

Garnishment proceedings are governed by chapter 63 of the Texas Civil Practice and Remedies Code and rules 657 through 679 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 657-79; TEX. CIV. PRAC. & REM. CODE ANN. §§ 63.001-.008 (Vernon 2008). In this regard, we note that the Texas Rules of Civil Procedure have the same force and effect as statutes. *In re City of Georgetown*, 53 S.W.3d 328, 332 (Tex. 2001) (orig. proceeding); *Zeecon Wireless Internet, LLC.*, 305 S.W.3d at 817. Texas Rule of

Civil Procedure 663a requires that the judgment debtor be served with specified garnishment documents in a precise way:

> The defendant shall be served in any manner prescribed for service of citation or as provided in Rule 21a with a copy of the writ of garnishment, the application, accompanying affidavits and orders of the court as soon as practicable following the service of the writ. There shall be prominently displayed on the face of the copy of the writ served on the defendant, in ten-point type and in a manner calculated to advise a reasonably attentive person of its contents, the following:
>
> > To _____, Defendant:
> >
> > You are hereby notified that certain properties alleged to be owned by you have been garnished. If you claim any rights in such property, you are advised:
> >
> > YOU HAVE A RIGHT TO REGAIN POSSESSION OF THE PROPERTY BY FILING A REPLEVY BOND. YOU HAVE A RIGHT TO SEEK TO REGAIN POSSESSION OF THE PROPERTY BY FILING WITH THE COURT A MOTION TO DISSOLVE THIS WRIT.

TEX. R. CIV. P. 663a (internal quotation marks omitted).

## IV. ANALYSIS

This original proceeding presents substantive issues pertaining to the protection of homestead rights in Texas. Specifically, we are asked to determine whether the settlement proceeds for a claim for wrongful foreclosure constitute "proceeds of a sale of a homestead" under the Texas Property Code, and are thus exempt from seizure from relators' claims for a period of six months. *See* TEX. PROP. CODE ANN. § 41.001(a),(c) (Vernon Supp. 2010). If we answer this question affirmatively, then we are further

11

asked to ascertain whether the six month period of exemption began upon the foreclosure of Lopez's home, or, as asserted by Lopez, will not begin to run until the date that Lopez actually receives the settlement funds. *See id.* However, our analysis of this matter must proceed on much more fundamental terms.

By supplemental response to the petition for writ of mandamus, Lopez contends that relators failed to serve him with the required garnishment documents. In contrast, by way of reply to Lopez's supplemental response, relators contend that they served the documents in conformity with statutory requirements:

> Texas Rule of Civil Procedure 663a provides that the Defendant shall be served with the Writ in any [manner] prescribed by Texas [Rule] of Civil Procedure 21a. Relators served Lopez with both Writs of Garnishment via Certified Mail Return Receipt Requested at his last known address . . . . These documents were returned as unclaimed, but this does not support any argument that they were not served in accordance with the Texas Rules of Civil Procedure.

By supplemental appendix, relators have provided us with the return of service documents for the writ at issue, which show that the application and related documents were sent to Lopez by regular and certified mail; however, the documents were not delivered to Lopez, and the documents were returned to relators variably designated as "unclaimed," "unable to forward," "return to sender," and "moved left no address." Thus, although relators attempted to serve Lopez in accordance with the rule, the record shows failure of service.

"Rule 663a is unambiguous in its requirement that the debtor be given notice of the garnishment and of his rights to regain his property." *Hering*, 735 S.W.2d at 641;

12

*see Lease Fin. Group, LLC*, 310 S.W.3d at 125; *Zeecon Wireless Internet, LLC*, 305 S.W.3d at 817. The purpose of the service requirement is to advise the debtor that the writ has issued and to inform him of his rights to contest the garnishment. *Zeecon Wireless Internet, LLC*, 305 S.W.3d at 817-18. "The garnishor must strictly comply with the requirement that it serve the debtor, and its failure to comply is not a mere irregularity." *Walnut Equip. Leasing Co.*, 907 S.W.2d at 915; *see Lease Fin. Group, LLC*, 310 S.W.3d at 125; *Simulis, L.L.C. v. G.E. Capital Corp.*, 276 S.W.3d 109, 112 (Tex. App.–Houston [1st Dist.] 2008, no pet.). Stated otherwise, "[t]he requirement of service on the debtor is not a mere technicality but is an integral part of the statutory requirements in a garnishment proceeding." *Zeecon Wireless Internet, LLC*, 305 S.W.3d at 818. In this regard, we note that Texas law requiring service on the debtor makes no distinction between prejudgment and postjudgment garnishment proceedings. *Zeecon Wireless Internet, LLC*, 305 S.W.3d at 817; *Hering*, 735 S.W.2d at 641.

Given the foregoing requirements, a trial court errs in granting a writ of garnishment when there is no proof of service in strict compliance with the rules even if the defendant has actual knowledge of the garnishment action or makes a voluntary appearance therein. *See Lease Fin. Group, LLC*, 310 S.W.3d at 125; *Zeecon Wireless Internet, LLC*, 305 S.W.3d at 817-18; *Abdullah v. State*, 211 S.W.3d 938, 942-43 (Tex. App.–Texarkana 2007, no pet.); *Mendoza*, 962 S.W.2d at 651-52; *Walnut Equip. Leasing Co.*, 907 S.W.2d at 914; *Hering*, 735 S.W.2d at 642; *see also Williamson v. State*, No. 07-09-0248-CV, 2010 Tex. App. LEXIS 9151, at \*\*2-3 (Tex. App.–Amarillo Nov. 17,

13

2010, no pet.) (mem. op.); *Requena v. Salomon Smith Barney, Inc.*, No. 01-00-00783-CV, 2002 Tex. App. LEXIS 1701, at **9-10 (Tex. App.–Houston [1st Dist.] March 7, 2002, no pet.) (not designated for publication under the former appellate rules). *Contra Del-Phi Eng'g Assocs., Inc. v. Tex. Commerce Bank-Conroe, N.A.*, 771 S.W.2d 589 (Tex. App.–Beaumont 1989, no writ) (holding that service of notice was waived where a hearing on the motion to vacate was held by agreement). As previously stated by this Court:

> Rights under a writ of garnishment are determined by priority in time, which itself is determined by service of the writ. Without proper service of the writ on the debtor, no control or custody of his property can be gained by his answer. While [one of the appellants] filed an answer to the writ of garnishment and all appellants appeared at the hearing on the motions for new trial, it is undisputed [the garnishor] did not comply with the rule 663a notice provision. Because [the garnishor] failed to give appellants notice of the writ of garnishment as required by the rules, we hold the trial court erred in granting the writ.

*Mendoza,* 962 S.W.2d at 652 (internal citations omitted).

Here, the requirement of service was not met, and relators therefore did not establish the right to have a garnishment judgment rendered against the settlement funds owed by Countrywide to Lopez. *See Beggs*, 106 S.W.2d at 1042; *Zeecon Wireless Internet, LLC*, 305 S.W.3d at 818; *Mendoza*, 962 S.W.2d at 652; *Walnut Equip. Leasing Co.*, 907 S.W.2d at 915; *Hering*, 735 S.W.2d at 641.

## V. CONCLUSION

In the instant case, relators' failure to strictly comply with the pertinent rules pertaining to the service of the writ of garnishment on Lopez is fatal to a judgment in the

14

garnishment action. *Lease Fin. Group, LLC*, 310 S.W.3d at 127. Consequently, the trial court did not abuse its discretion in ordering the writ of garnishment dissolved. See *Gen. Elec. Capital Corp. v. ICO, Inc.,* 230 S.W.3d 702, 705 (Tex. App.–Houston [14th Dist.] 2007, pet. denied). Accordingly, we lift the stay previously imposed by this Court and deny the petition for writ of mandamus.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
31st day of March, 2011.

15