[CB1] 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.
 2-09-010-CV

 

 

LEASE FINANCE GROUP, LLC                                                APPELLANT

 

                                                   V.

 

RANDY CHILDERS, ARLINGTON                                             APPELLEES

MOTOR CARS USA, AND JP 

MORGAN CHASE BANK, N.A.

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

I. 
Introduction








Appellant
Lease Finance Group, LLC (ALFG@)
appeals a judgment of garnishment in favor of Appellees Randy Childers and
Arlington Motor Cars USA[1]
against JP Morgan Chase Bank, N.A. (AChase@).[2]  LFG contends in three issues that the trial
court erred by denying LFG=s motion
to set aside judgment and for new trial. 
We reverse and remand.

II. 
Factual and Procedural Background

AMC
obtained a default judgment against LFG on May 2, 2008, in the amount of
$24,500.  On September 12, 2008, AMC
filed an application for writ of garnishment naming Chase as garnishee and
seeking to garnish funds held by Chase for LFG. 
The trial court issued the writ on September 15, 2008, and Chase was
served with the writ on September 19, 2008. 
Chase filed its original answer on October 7, 2008.  AMC and Chase then submitted an Aagreed@
judgment of garnishment to the trial court that was signed by counsel for AMC
and Chase; the Aagreed@
judgment was not signed by LFG.

The
trial court signed the judgment of garnishment on October 10, 2008. The
judgment stated in the first paragraph:








The Court, having found that Judgment-Defendant [LFG] has been
properly served with a copy of the Writ of Garnishment in accordance with Rule
663a and has failed to answer or to otherwise enter an appearance in this garnishment
suit, is of the opinion that judgment should be rendered in accordance with the
pleadings on file and as set forth herein.

 

Unaware
of the October 10 judgment of garnishment, LFG filed its AOriginal
Answer and Motion to Dissolve Writ of Garnishment@ on
October 24, 2008.  LFG first learned of
the October 10 judgment of garnishment at the hearing on its motion to dissolve
on November 3, 2008.[3]








LFG
thereafter filed a AMotion to Set Aside Judgment in
Garnishment and for New Trial@ on
November 7, 2008, claiming it was not served in strict compliance with the
rules of civil procedure.  LFG submitted
an affidavit by its attorney, Mark Snyder, in support of the motion.  Snyder stated in the affidavit that he told
AMC=s
attorney, Franklin Cram, on either October 6 or October 7, 2008, that he would
not accept service of the writ of garnishment on behalf of LFG.  Snyder also averred that he received a faxed
letter from Cram on October 9, 2008.  The
October 9, 2008 letter enclosed a copy of an undated facsimile to LFG
forwarding the writ of garnishment and application for writ of
garnishment.  Snyder further testified
that he was unaware AMC had moved forward with the judgment of garnishment on
October 10, 2008, and that he incorrectly calculated LFG=s answer
day as if responding to service of citation rather than a writ of garnishment.

LFG
attached a copy of the October 9, 2008 letter from Cram as an exhibit to Snyder=s
affidavit.  In the October 9, 2008 letter
to Snyder, Cram stated: AI am enclosing the fax I sent
[to LFG].@  Although the enclosed facsimile included the
writ of garnishment, the application for writ of garnishment, and an affidavit
from Childers, the October 9, 2008 letter did not set forth the date on which
AMC sent the facsimile to LFG.  Further,
the enclosed facsimile is not dated and does not include facsimile-transmission
information indicating when AMC sent it; the only facsimile-transmission
information relates to the facsimile sent by Cram to Snyder on October 9, 2008,
the day before the trial court signed the agreed judgment.

The
trial court conducted a hearing on LFG=s Motion
to Set Aside Judgment in Garnishment and for New Trial on December 5,
2008.  Although LFG contested notice
under rule 663a in its motion, AMC did not offer evidence of notice at the
hearing or in a written response.[4]  The trial court orally denied LFG=s motion
at the end of the hearing,[5]
and this appeal followed.








III. 
Service of Writ of Garnishment on LFG

In its
first and second issues, LFG argues the trial court erred by denying its motion
to set aside judgment and for new trial because there is no evidence in the
record that LFG was properly served with notice of the writ of garnishment, or,
alternatively, the notice LFG received was untimely.[6]  In response, AMC contends the trial court
correctly denied LFG=s motion because the judgment
recites notice was proper under rule 663a, there is no minimum notice required
under rule 663a, and LFG failed to prove that it was not served in compliance
with rule 663a.[7]

A.     Standard of Review








A trial
court=s order
denying a motion to set aside a default judgment or for new trial is reviewed
under an abuse of discretion standard.  Strackbein
v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984); Martinez v. Martinez, 157
S.W.3d 467, 469 (Tex. App.CHouston
[14th Dist.] 2004, no pet.).  The trial
court abuses its discretion if it acts without reference to any guiding rules
or principles.  Goode v. Shoukfeh,
943 S.W.2d 441, 446 (Tex. 1997).

B.     Applicable Law

AA writ
of garnishment impounds the alleged money, property, or credits of the debtor.@  Mendoza v. Luke Fruia Invs., Inc., 962
S.W.2d 650, 651 (Tex. App.CCorpus
Christi 1998, no pet.) (citing Beggs v. Fite, 130 Tex. 46, 52, 106
S.W.2d 1039, 1042 (1937)).  AThe writ
of garnishment affords a harsh remedy. 
It was not known to the common law, but is purely statutory.@  Walnut Equip. Leasing Co. v. J-V Dirt
& Loam, 907 S.W.2d 912, 914 (Tex. App.CAustin
1995, writ denied).  AFor this
reason, garnishment proceedings cannot be sustained unless they strictly
conform to the statutory requirements and related rules.@  Id. 
Specifically, A[t]he garnishor must strictly
comply with the requirement that it serve the debtor, and its failure to comply
is not a mere irregularity.@  Id. 
AWithout
proper service of the writ on the debtor, no control or custody of his property
can be gained by his answer.@  Mendoza, 962 S.W.2d at 652.








Rule
663a of the rules of civil procedure states, in relevant part:  AThe
defendant shall be served in any manner prescribed for service of citation or
as provided in Rule 21a with a copy of the writ of garnishment, the
application, accompanying affidavits and orders of the court as soon as
practicable following the service of the writ.@  Tex. R. Civ. P. 663a; see also Hering v.
Norbanco Austin I, Ltd., 735 S.W.2d 638, 641 (Tex. App.CAustin
1987, writ denied).  Actual knowledge or
a voluntary appearance by the debtor is insufficient and does not waive rule
663a=s
requirement of service of the writ.  Walnut
Equip. Leasing Co., 907 S.W.2d at 914; Hering, 735 S.W.2d at 642; see
also Requena v. Salomon Smith Barney, Inc., No. 01-00-00783-CV, 2002 WL
356696, at *3 (Tex. App.CHouston [1st Dist.] March 7,
2002, no pet.); Mendoza, 962 S.W.2d at 652.  Although rule 663a does not entitle a debtor
to a minimum of twenty days= notice
as with service of an original petition, Mullins v. Main Bank & Trust,
592 S.W.2d 24, 26 (Tex. Civ. App.CBeaumont
1979, no writ), the debtor does have the right to service of the writ of
garnishment and related documents Aas soon
as practicable following the service of the writ@ on the
garnishee.  Tex. R. Civ. P. 663a.

C.     Analysis








LFG
argues the trial court erred by denying its motion to set aside and for new
trial because there is no evidence in the record that LFG was served with
notice of the writ of garnishment, or, alternatively, that the notice LFG
received was untimely.  Before addressing
LFG=s
issues, we must first address AMC=s
contentions that there is sufficient evidence of service because the judgment
recites service was proper under rule 663a, that there is no minimum notice
required under rule 663a, and that LFG had the burden to prove it was not
properly served under rule 663a. 

1.     No Presumption of Service from Recitation in
Judgment

AMC
contends there is sufficient evidence of service because the judgment recites
LFG was served in compliance with rule 663a. 
Although a recitation of due notice in a judgment is some, but not
conclusive, evidence of proper notice of trial settings and hearings, see
Osburn v. Osburn, 961 S.W.2d 408, 411 (Tex. App.BHouston
[1st Dist.] 1997, pet. denied), the rule does not apply to default
judgments.  In an attack upon a default
judgment, a recitation of due service in the judgment does not lead to a
presumption of due service.  Morris v.
Zesati, 162 S.W.3d 669, 671 (Tex. App.CEl Paso
2005, no pet.) (citing McKanna v. Edgar, 388 S.W.2d 927, 929 (Tex.
1965)).  Instead, the plaintiff must Aprove
that the defendant was served in the required manner.@  Id.








Here,
the judgment in garnishment is analogous to a default judgment because the
trial court signed the judgment in garnishment before LFG answered or otherwise
appeared.  See Tex. R. Civ. P. 239
(providing trial court may render default judgment on the pleadings against a
defendant that has not filed an answer); see also Crowe v. Ware, No.
05-96-01294-CV, 1998 WL 258398, at *1B2 (Tex.
App.CDallas
May 22, 1998, no pet.) (treating judgment in garnishment as default judgment on
appeal by judgment debtor claiming lack of service under rule 663a).  While the judgment debtor is not a necessary
party to the garnishment action, the rules require that he be served under rule
663a.  Hering, 735 S.W.2d at 642
(citing Horseley, Collecting on Judgments (State Bar of Texas
Professional Development Program 1981)).








ARule
663a is unambiguous in its requirement that the debtor be given notice of the
garnishment and of his rights to regain his property.@  Id. at 641.  A[G]arnishment
proceedings cannot be sustained unless they strictly conform to the statutory
requirements and related rules.@  Walnut Equip. Leasing Co., 907 S.W.2d
at 914.  A[N]o
control or custody of [a judgment debtor=s]
property can be gained by his answer@ without
proper service of the writ.  Mendoza,
962 S.W.2d at 652.  The creditor=s
failure to strictly comply with the pertinent rules Ais fatal
to its judgment in the garnishment action.@  Hering, 735 S.W.2d at 641 (emphasis in
original).  We believe the rule
applicable to default judgments should apply to judgments in garnishment and
hold that a recitation of due service in a judgment in garnishment does not
lead to a presumption of due service.  See
generally Morris, 162 S.W.3d at 671. 
In this case, LFG attacked the default judgment in garnishment by
contending AMC did not serve LFG in compliance with rule 663a.  Thus, even though the judgment in garnishment
recites that LFG was properly served under rule 663a, there is no presumption
of valid service.

2.     Rule 663a Requires Service As Soon As
Practicable

AMC next
contends rule 663a does not establish a prescribed period in which a garnishor
must serve a writ of garnishment on the debtor. 
We disagree.  Rule 663a
specifically requires service on the judgment debtor Aas soon
as practicable following service of the writ@ on the
garnishee.  Tex. R. Civ. P. 663a.  AAs soon
as practicable@ is not susceptible to a
definitive definition equally applicable in all cases, but we note that a
fifteen-day delay before serving the debtor does not satisfy the strict
requirements of rule 663a.  See
Requena, 2002 WL 356696, at *4. 
Thus, we reject AMC=s
contention that rule 663a does not establish a prescribed period in which the
garnishor must serve the debtor.

3.     AMC had the Burden to Prove Proper Service

AMC also
argues the trial court correctly denied LFG=s motion
to set aside judgment and for new trial because LFG failed to prove it was not
served in compliance with rule 663a.  In
doing so, AMC incorrectly assumes LFG had the burden to prove it was not
properly served under the rule.








Rule
663a permits service on the debtor Aas
provided in Rule 21a.@ 
Tex. R. Civ. P. 663a.  Under rule
21a, all notices, other than citation, may be served by delivering a copy to
the party either in person, by agent, or by certified or registered mail to the
party=s last
known address or by fax to the party=s
current telecopier address.  Tex. R. Civ.
P. 21a.  AA
certificate by a party or an attorney of record, or the return of an officer,
or the affidavit of any person showing service of a notice shall be prima facie
evidence of the fact of service.@  Id. 
Rule 21a further provides that Athe
party or attorney of record shall certify to the court compliance with
this rule in writing over signature and on the filed instrument.@  Id. (emphasis added); see also Crowe,
1998 WL 258398, at *1 (noting certificate of service on file at time of garnishment
judgment established service by regular mail although certified mail was
returned unopened).








However,
where the record does not contain a certificate of service, an officer=s
return, or an affidavit showing service of notice, there is no presumption of
receipt, and the party contending it properly sent notice has the burden of
proving proper notice under rule 21a.  Mathis
v. Lockwood, 166 S.W.3d 743, 745 (Tex. 2005); see Crowe, 1998 WL
258398, at *2 (citing Walnut, 907 S.W.2d at 915 and Hering, 735
S.W.2d at 642 and holding rule 663a requires proof that debtor was properly
served under rule 21a).  Because AMC did
not file a certificate of service, an officer=s
return, or an affidavit showing service, AMC had the burden to prove proper
service under rule 21a.  Mathis,
166 S.W.3d at 745.[8]

4.     AMC Did Not Prove It Served LFG As Soon As
Practicable

We next
consider whether the record contains sufficient evidence that AMC served LFG in
compliance with rule 663a.  It is
undisputed that AMC did not serve LFG in a manner prescribed for service of
citation.  Thus, if AMC properly served
LFG, AMC must have done so Aas
provided in Rule 21a.@ 
See Tex. R. Civ. P. 663a. 
In this case, the combination of rules 21a and 663a required AMC to
deliver a copy of the writ of garnishment to either LFG (or its duly authorized
agent) or LFG=s attorney of record as soon as practicable
after service on the garnishee on September 19, 2008.  See Tex. R. Civ. P. 21a, 663a.








First,
AMC has not shown that it served LFG by serving LFG or its duly authorized
agent as soon as practicable.  The only
evidence of service in the record is the October 9, 2008 letter and its
enclosed facsimile.  The October 9, 2008
letter states, AI am enclosing the fax I sent to
[LFG],@ but it
does not set forth the date AMC claims it sent the enclosed facsimile to
LFG.  The enclosed facsimile is not
dated, and it does not include any facsimile-transmission information to
indicate when AMC sent it.  While the
lack of a date on the facsimile does not necessarily defeat the fact of service
under rule 21a, the lack of a date does mean AMC has not shown that it served
LFG Aas soon
as practicable@ as required by rule 663a.  See Tex. R. Civ. P. 663a.








Second,
AMC has not shown that it served LFG as soon as practicable through LFG=s
attorney of record.  The record reflects
AMC=s
attorney sent the undated facsimile as an enclosure to the October 9, 2008
letter to Snyder.  Assuming without
deciding that Snyder was LFG=s
attorney of record on October 9, 2008,[9]
we note that the garnishee, Chase, was served on September 19, 2008, and that
the trial court signed the judgment in garnishment on October 10, 2008.  Thus, AMC served a copy of the writ of
garnishment on LFG=s attorney twenty days after
service on the garnishee and one day before the trial court signed the judgment
in garnishment.  However, nothing in the
record explains the twenty-day delay in service.  Under these circumstances, we hold AMC failed
to prove that it served LFG through its attorney Aas soon
as practicable@ as required by rule 663a.  Tex. R. Civ. P. 663a; see also Requena,
2002 WL 356696, *3B4 (holding garnishor did not
serve judgment debtor Aas soon as practicable@ where
garnishor could have reasonably served judgment debtor fifteen days before it
did).

AMC=s
failure to prove it strictly complied with rule 663a is fatal to its judgment
in garnishment.  AIt has
long been the law of this State that if a judgment-creditor intends to avail
himself of the State=s aid in effecting a deprivation
of property, he must strictly comply with the pertinent rules.@  Hering, 735 S.W.2d at 641.  Because the record does not reflect service
of the writ of garnishment on LFG as soon as practicable in compliance with
rule 663a, the trial court abused its discretion in denying LFG=s motion
to set aside and for new trial.  We
sustain LFG=s first and second issues.[10]








IV. 
Conclusion

Having
sustained LFG=s first and second issues, we
reverse the trial court=s judgment and remand for
further proceedings consistent with this opinion.

 

ANNE GARDNER

JUSTICE

 

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

WALKER, J. filed a dissenting
opinion.

DELIVERED:  March 18, 2010

 

 













 
 
 
 
 
 
 




 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-010-CV

 

 

LEASE FINANCE GROUP, LLC                                                APPELLANT

 

                                                   V.

 

RANDY CHILDERS, ARLINGTON                                              APPELLEES

MOTOR CARS USA, AND JP 

MORGAN CHASE BANK, N.A.

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                   DISSENTING OPINION

 

                                              ------------

I
respectfully dissent. 








The
final garnishment judgment at issue recites that the judgment-debtor in the
underlying garnishment proceeding, Appellant Lease Finance Group, LLC (LFG) was
given proper notice of the garnishment proceeding by the judgment creditors,
Appellees Randy Childers and Arlington Motor Cars USA (collectively referred to
herein as AMC).  The judgment specifically
states that A[t]he Court . . . found that
Judgment-Defendant Lease Finance Group, LLC has been properly served with a
copy of the Writ of Garnishment in accordance with Rule 663a.@  LFG filed a motion for new trial.  LFG=s motion
for new trial does not allege that it failed to receive noticeCat best,
LFG=s motion
for new trial claims that the notice it received was defective in some
unspecified way.[1]








The trial
court conducted a hearing on LFG=s motion
for new trial.  At that hearing, LFG bore
the burden to establish that it was entitled to a new trialCthat is,
to offer evidence supporting its global allegation made in LFG=s motion
for new trial that its attorney did not believe that the notice given to LFG
was valid.[2]  LFG failed to do so.  Although provided with the opportunity, LFG
did not call any LFG employee to testify at the motion for new trial hearing
that LFG did not receive notice.  Nor did
LFG present to the trial court an affidavit from any LFG officer or employee
affirmatively stating that LFG had not received notice.  LFG offered no evidence in support of its
motion for new trial.








LFG
instead relied exclusively on an affidavit of its current attorney, Mark
Snyder,[3] that was attached to
LFG=s motion
for new trial.  Snyder=s
affidavit does not allege that LFG did not receive notice.  Snyder=s
affidavit indicates the oppositeCthat
copies of the required documents were faxed directly to LFG at some time
prior to the signing of the judgment of garnishment.[4]  See Tex. R. Civ. P. 663a (authorizing
service of the writ of garnishment on the judgment debtor as provided in rule
21a); Tex. R. Civ. P. 21a (authorizing service by Atelephonic
document transfer to the recipient=s
current telecopier number@).








Although
Snyder=s
affidavit does aver that the notice given to LFG wasCin some
unidentified wayCnot in compliance with rule 663a
of the rules of civil procedure, at the motion for new trial hearing LFG
offered no explanation of exactly how the notice was purportedly not in
compliance with rule 663a and offered no evidence in support of this
contention.  Assuming this broad, global
allegation that notice did not comply with rule 663a preserved a complaint that
notice to LFG was not provided as soon as practicable, LFG nonetheless failed
to introduce any evidence of this alleged fact. 
See Tex. R. Civ. P. 663a (requiring notice be given to judgment
debtor Aas soon
as practicable following the service of the writ@).  Because LFG did not prove or swear on what
date it received the faxed notice (nor did LFG deny receiving the faxed
notice), no evidence exists in the record of the date on which LFG received the
faxed notice.  In the absence of evidence
of the date on which LFG received the faxed notice, no evidence exists that LFG
did not receive it as soon as practicable.[5]








Because
LFG failed to meet its burden of offering evidence, or at least a sworn
allegation, that it either did not receive the notice faxed to it or that the
notice was faxed to it on a date certainCthat was
not as soon as practicable, no evidence exists in the record before us that is
contrary to the judgment=s recitation of proper
notice.  In the absence of evidence in
the record contrary to the judgment=s
recitation of proper notice, we are required to presume that proper notice was
given.[6]








The
majority refuses to apply this presumption, claiming the garnishment judgment
is akin to a default judgment.  I cannot
agree; under the rules of civil procedure, a garnishment judgment entered in
the absence of an answer from a judgment debtor is not a default judgment.  Under the rules of civil procedure, LFG, the
judgment debtor, is not a party to the garnishment suit.  See Tex. R. Civ. P. 659 (providing
that garnishment suit is docketed with plaintiff as plaintiff and garnishee as
defendant).  Under the rules of civil
procedure, LFG as the judgment debtor does not file an answer in the
garnishment suit.  See Tex. R.
Civ. P. 665 (providing that the answer filed by the garnishee shall be
under oath); Tex. R. Civ. P. 667 (providing default judgment may be entered if garnishee,
not judgment debtor, fails to file answer). 
And finally, the majority=s
holding that every garnishment proceeding in which a judgment debtor chooses
not to participate is a Adefault judgment@ thwarts
the very purpose underlying garnishment proceedingsCto
permit judgment creditors to collect monies owed to them pursuant to a final,
already-litigated judgment.

Because
LFG failed to meet its initial motion for new trial burden of presenting
evidence or a sworn allegation that LFG did not receive notice or the date on
which LFG did receive notice so that the trial court could determine whether
that notice was provided as soon as practicable, I would hold that the trial
court did not abuse its discretion by denying LFG=s motion
for new trial.  I would affirm the trial
court=s
judgment of garnishment.  Because I am in
the minority, I respectfully dissent.

 

SUE WALKER

JUSTICE

 

DELIVERED:  March 18, 2010











[1]We will collectively
refer to Appellees Childers and Arlington Motor Cars USA as AAMC.@





[2]Chase, the garnishee in
the trial court, is an appellee in this case but did not file a brief.





[3]There is no reporter=s record from the
November 3 hearing or written order on LFG=s motion to dissolve writ of garnishment.  However, the trial court=s docket sheet indicates the
trial court denied LFG=s motion to dissolve writ
of garnishment.





[4]AMC filed a written
response to LFG=s motion on the day of
the hearing, but AMC did not submit any evidence with the response.





[5]The trial court
stated:  AI=m going to deny the
motion for new trial and let the parties proceed on the bill of review
question.@  The bill of review proceeding filed by LFG is
not before this court, and we express no opinion on the merits of that
proceeding.





[6]We address LFG=s first and second issues
together because they involve the same questions of law and fact.





[7]AMC also argues LFG
waived its notice arguments by not raising them in its motion to set aside and
for new trial.  We disagree.  LFG specifically stated on the first page of
its motion that a Ajudgment in garnishment
is subject to being set aside@ where the Ajudgment debtor has not been give[n] proper
notice of a garnishment pursuant to Rule 663a of the Texas Rules of Civil
Procedure@ and that A[t]he notice allegedly
given to [LFG] did not comply with Rule 663a.@





[8]In this appeal from the
trial court=s denial of LFG=s motion to set aside
judgment and for new trial, we express no opinion as to which party bears the
burden of proof on a motion under rule 664a. 
See Tex. R. Civ. P. 664a (permitting trial court to dissolve or
modify writ of garnishment upon sworn motion by judgment debtor or other
intervening party claiming interest in garnished property).  Our holding applies only to proof of timely
service under rule 663a Aas provided in Rule 21a@ in the absence of a
certificate of service, an officer=s return, or other prima facie proof of
service.  See Tex. R. Civ. P.
663a, 21a.





[9]It is unclear from the
record whether LFG, as of October 9, 2008, had retained Snyder to represent LFG
in the garnishment action or whether LFG had only retained Snyder to file a
bill of review to attack the underlying judgment.  Because it does not affect our holding, we
assume Snyder represented LFG in the garnishment action as of October 9, 2008.





[10]Because we sustain LFG=s first and second issues
and hold AMC did not serve LFG in compliance with rule 663a, we need not
address LFG=s third issue in which it
contends it satisfied the second and third elements of the Craddock test
for overturning default judgments.  See
Lopez v. Lopez, 757 S.W.2d 721, 723 (Tex. 1988) (where there is no actual
or constructive notice of a trial setting, a party need not show Ahe had a meritorious
defense as a condition to granting his motion for new trial@); In re Marriage of
Runberg, 159 S.W.3d 194, 200 (Tex. App.CAmarillo 2005, no pet.) (applying Lopez to
both the second and third elements of the Craddock test).





[1]LFG=s motion for new trial
states that A[w]here a judgment debtor
has not been give [sic] proper notice of a garnishment pursuant to Rule 663a of
the Texas Rules of Civil Procedure, the judgment in garnishment is subject to
being set aside.@  And the motion alleges that LFG=s attorney Mark Snyder Adid not believe that a
valid notice of the Garnishment Action had been made upon [LFG] in that the
notice as represented to him by Plaintiffs= counsel did not comply with Rule 663a of the
Texas Rules of Civil Procedure.@  Nowhere
in LFG=s motion for new trial
does it allege that it received no notice.





[2]The majority inexplicably places the initial burden of proof at LFG=s motion for new trial
hearing on the judgment creditor, AMC. 
It is true that once the party claiming lack of notice or service (here
LFG) makes a sworn allegation of lack of notice or comes forward with evidence
or testimony supporting an allegation of lack of notice, then the burden shifts
to the opposing party (here AMC) to prove proper service or notice.  See, e.g., Mathis v. Lockwood,
166 S.W.3d 743, 745 (Tex. 2005) (explaining that Atestimony by Lockwood=s counsel that notice was
sent did not contradict Mathis's testimony that notice was never received@) (emphasis added).  But the initial burden of proof is upon the
party claiming lack of notice; in Mathis, the party claiming lack of
notice met his initial burden by providing testimony that notice was never
received.  Id.  Likewise, contrary to the majority=s position, notice is not
automatically defective for the failure to include a rule 21a certificate of
service; in this situation the party claiming lack of notice must still meet
his initial burden of proof by coming forward with a sworn allegation or evidence
that notice was not received before the burden shifts to the opposing party to
prove proper notice was given.  Id.;
see also Campsey v. Campsey, 111 S.W.3d 767, 771B72 (Tex. App.BFort Worth 2003, no pet.)
(explaining it is the appellant=s initial burden to overcome the presumption of
proper notice and that the presumption Amay not be discharged by mere allegations,
unsupported by affidavits or other competent evidence@); Hanners v. State
Bar of Tex., 860 S.W.2d 903, 908 (Tex. App.CDallas 1993, no writ)
(same).  LFG did not meet this initial
burden.





[3]Snyder refused to accept rule 663a service on LFG, claiming he was not
LFG=s attorney in the
garnishment proceeding at that time. 
Apparently, Snyder subsequently became LFG=s attorney in the
garnishment proceeding as he swore in his affidavit that he had miscalculated
LFG=s response date in the
garnishment proceeding and filed a motion for new trial along with his
affidavit for LFG in the garnishment proceeding.





[4]Specifically, Snyder swore that 

 

Plaintiffs= attorney transmitted a
fax to me on October 9, 2008, which he advised was the fax transmittal of
notice to the Garnishment to [LFG] . . . .

 

.
. . .

 

The alleged transmittal
[sic] the judgment debtor, as contained in the fax did not comply with the
requirements of Rule 663a, but was instead merely a copy of an undated fax
transmittal dated [sic] the Writ of Garnishment and the Application for Writ of
Garnishment.





[5]In the only case cited by the majority, the judgment debtor
established a date on which he received the required notice; then the trial
court held that the notice was not provided as soon as practicable.  See Requena v. Salomon Smith Barney,
No. 01-00-00783-CV, 2002 WL 356696, at *4 (Tex. App.CHouston [1st Dist.] Mar.
7, 2002, no pet.) (not designated for publication) (explaining that the
judgment debtor Awas not served with a
copy of the writ until June 27, 2000, a day after the trial court began
its hearing@).  Here, no date of receipt was proved by LFG;
the majority=s holding that the notice
faxed to LFG was not provided as soon as practicable is pure speculation.





[6]See, e.g., Gen. Elec. Capital Assurance Co. v. Jackson, 135 S.W.3d 849, 853
(Tex. App.CHouston [1st Dist.] 2004,
pet. denied) (explaining that court order, which recited that all persons
entitled to citation were properly cited, was entitled to presumption of
correctness in absence of evidence to the contrary); In re B.D., 16
S.W.3d 77, 80 (Tex. App.CHouston [1st Dist.] 2000,
pet. denied) (applying presumption of regularity when the judgment indicated
that notice had been given and there was no evidence to the contrary in the
record); Osborn v. Osborn, 961 S.W.2d 408, 411B13 (Tex. App.CHouston [1st Dist.] 1997,
writ denied) (explaining that recitation of proper notice in judgment
constitutes some, but not conclusive, evidence that proper notice was given).















 [CB1]

Majority by
Justice Gardner; Dissent by Justice Walker